# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JOYCE GOERTZEN, an individual, individually and on behalf of herself all similarly-situated persons, by and through her power of attorney BEVERLY KRAUS,<br><br>        Plaintiff,<br><br> v.<br><br>GREAT AMERICAN LIFE INSURANCE COMPANY, and DOES 1-50<br><br>        Defendants. | Case No.: 4:16-cv-00240-YGR<br><br>**[PROPOSED] FINAL ORDER (1)APPROVING CLASS SETTLEMENT, (2) AWARDING CLASS REPRESENTATIVE SERVICE AWARD, (3) AWARDING CLASS COUNSEL FEES AND EXPENSES AND (4) DISMISSING ACTION WTH PREJUDICE**<br><br>Hon. Yvonne Gonzalez Rogers |

The motion of Plaintiff Joyce Goertzen, individually and on behalf of the Class as defined in the Settlement Agreement previously filed in this Action, for final approval of the class action Settlement reached with Defendant Great American Life Insurance Company ("Great American") came on for hearing before this Court on March 27, 2018. Robert D. Phillips, Jr., appeared as attorney for Great American, and Ingrid M. Evans appeared as attorney for Plaintiff. After considering the Settlement Agreement, the moving papers, arguments of counsel and all other matters presented to the Court, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Motion for Final Approval of Class Action Settlement is hereby GRANTED.

2. This Final Order Approving Class Action Settlement and Final Judgment of Dismissal With Prejudice ("Final Order and Judgment") incorporates and makes part hereof: (a) the Parties' Settlement Agreement, filed September 27, 2017, including Exhibits A through D (collectively the "Settlement Agreement") and (b) the Court's findings and conclusions contained in its Findings and Order Preliminarily Approving Class Settlement, Directing Issuance of Notice to the Class, and Setting of Fairness Hearing ("Preliminary Approval Order"). All defined terms in this Final Order and Judgment shall have the same meanings as in the Settlement Agreement. The Preliminary Approval Order (Dkt. 78) is attached hereto as **Exhibit 1** and the Settlement Agreement with Exhibits, attached to the Preliminary Approval Order as Exhibit A (Dkt 78), is attached hereto as **Exhibit 1A.**

3. All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.

4. The Court has personal jurisdiction over all Class Members. The Court has subject matter jurisdiction over the claims asserted in this Action to approve the Settlement Agreement and all exhibits attached thereto. Venue is proper. The Settlement Agreement and Settlement are fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Class. The Court also finds that the Settlement resulted from an arm's-length mediation session and was concluded only after Plaintiff and Great American conducted their own

investigations and evaluations of the factual and legal issues raised by Plaintiff's claims, as well as Great American's defenses. No objections have been made to the Settlement by any member of the Class. Accordingly, the Settlement Agreement is hereby finally approved.

5. The Class, as defined in Section II.13 of the Settlement Agreement, is finally certified for settlement purposes.

6. The Court hereby directs the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions.

7. Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that the Administrator mailed the Class Notice to each Class Member, no later than 14 days after entry of the Preliminary Approval Order, by first-class mail, postage prepaid, to his or her last known address and further steps were taken in accordance with the Settlement Agreement to obtain updated addresses when mail was returned as undelivered and to re-send the Class Notice.

Members of the Class had the opportunity to object to the Settlement or to exclude themselves from the Settlement, and they were informed of the date, time, and location of the Fairness Hearing and had the opportunity to appear at the Fairness Hearing. These procedures afforded protections to Class Members and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class Members

8. The Class Notice Package and all other instruments provided to Class Members:

(a) constituted the best practicable notice under the circumstances;

(b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing;

(c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments, including the Due Process Clause.

9. Class Counsel and the Plaintiff adequately represented the Class for purposes of entering into and implementing the Settlement.

10. The list of those persons who have requested exclusion from the Class in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order has been filed with the Court, is attached to this Order, and is hereby approved. See **Exhibit 4 (attached hereto).** Those persons are hereby excluded from the Class. The Court finds that it is a complete list of all Class Members who have timely requested exclusion from the Class, and accordingly, such Class Members shall neither share in nor be bound by this Final Order and Judgment or the Settlement Agreement.

11. Class Counsel are hereby awarded attorneys' fees in the amount of $370,513.69 and expenses and costs in the amount of $20,000.00 ("Class Counsel Payment"). These amounts cover any and all claims for attorneys' fees, expenses, and costs incurred by any and all Class Counsel in connection with the Settlement of the Action and the administration of such Settlement. Class Counsel Payment shall be provided by Great American to Class Counsel in accordance with Sections IX.B.5 through IX.B.8 of the Settlement Agreement upon satisfaction of the conditions set forth therein.

12. As a service award for participation as the Class Representative in the Action, the Court awards $40,000.00 to Plaintiff Joyce Goertzen. Great American shall pay the service award in addition to any benefits that Plaintiff is entitled to receive as a Class Member. Great American shall pay the service award within ten (10) days of the Effective Date.

13. The Release set forth in the Settlement Agreement in Section VIII is incorporated herein and effective as of the date of this Final Order and Judgment, and forever discharges the Releasees from any claims or liabilities arising from or related to the Released Claims.

14. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, and for any other necessary purpose; provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 17, 18, and 20 of this Final Order and Judgment. The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement.

15.     The Settlement Agreement is binding on, and has res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and any other Class Members, as well as their heirs, executors, personal representatives, conservators and administrators, predecessors, successors, and assigns that allege Released Claims, as defined in the Settlement Agreement.

16.     Neither this Final Order and Judgment, nor the Settlement Agreement, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment or the Settlement Agreement is, may be construed as, or may be used as an admission or concession by or against Great American of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Great American's denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment or the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by Great American or Releasees to support a defense of res judicata, collateral estoppel, release, waiver, good-faith Settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

17.     The Parties are authorized, without further approval from the Court, to agree to and adopt such non-substantive amendments, modifications, or expansions of the Settlement Agreement and all exhibits attached thereto that are consistent with this Final Order and Judgment, and do not limit the rights of Class Members under the Settlement Agreement. Any substantive amendments, modifications, or expansions of the Settlement Agreement and the exhibits attached thereto shall require prior approval by the Court.

18.     Any work product retained by Plaintiff or Class Counsel that is based on or incorporates information designated as Confidential pursuant to the terms of the Protective Order

previously entered in this case and provided by Great American shall be deemed Confidential Information pursuant to the terms of the Protective Order, and the disclosure or use of such materials shall be subject to the same restrictions as Confidential Information pursuant to the terms of the Protective Order previously entered in this case.

19.     This Action (and all individual claims and Class claims presented thereby) is dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement. The judgment is binding upon all Class Members and upon Great American and extinguishes all claims of Class Members (a) that were alleged, or that could be alleged, based upon, or arise from, the matters that were alleged in the Action or (b) that were released pursuant to the Settlement Agreement.

20.     Each and every Class Member who has not been excluded from the Settlement, the Class Member's representatives, and/or all persons in active concert or participation with such Class Members are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, as class members or otherwise, any action, including without limitation a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) in any federal court, any state court, or any other tribunal or forum of any kind, and from receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, arising out of, based on, or relating to the claims, causes of actions, facts, and/or circumstances alleged in the Action and/or the Released Claims.

21.     Section 1715(b) of the Class Action Fairness Act of 2005 requires a settling defendant to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official" a specified group of documents describing the settlement. Pursuant to section 1715(d), final approval cannot be issued earlier than 90 days after notice is given under section 1715(b).  Great American served the necessary documents upon the appropriate officials not later than October 8, 2017.  This order is signed more than 90 days after Great American served the documents. The Court therefore finds that Great American is in full compliance with the Class Action Fairness Act, 28 U.S.C. section 1715.

22.    There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.  Counsel jointly to provide a final accounting/report forty-five (45) days from the date hereof.

**IT IS SO ORDERED.**


DATED:  __March 28, 2018_____

Hon. Yvonne Gonzalez Rogers
United States District Judge

EXHIBIT 1

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JOYCE GOERTZEN, an individual, individually and on behalf of herself all similarly-situated persons, by and through her power of attorney BEVERLY KRAUS,<br><br>        Plaintiff,<br><br>  v.<br><br>GREAT AMERICAN LIFE INSURANCE COMPANY, and DOES 1-50<br><br>        Defendants. | Case No.: 4:16-cv-00240-YGR<br><br>**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, DIRECTING ISSUANCE OF NOTICE TO THE CLASS, AND SETTING OF FAIRNESS HEARING**<br><br>Hon. Yvonne Gonzalez Rogers |

The motion of Plaintiff Joyce Goertzen, individually and on behalf of the class, as defined in the Settlement Agreement, attached hereto as Exhibit A, for preliminary approval of the proposed class action Settlement reached with Defendant Great American Life Insurance Company ("Great American") came on for hearing before this Court on October 31, 2017. Robert D. Phillips, Jr., appeared as attorney for Great American, and Ingrid M. Evans appeared as attorney for Plaintiff. After considering the Settlement Agreement, the moving papers, arguments of counsel, and all other matters presented to the Court, the Court finds that:

1.      Plaintiff filed a Class Action Complaint in this Action on December 1, 2015, alleging violations of California's Business and Professions Code §17200 and California's Elder Abuse statute – Cal. Welfare & Institutions Code § 15600, *et seq.* The Complaint alleges that Great American did not properly disclose the surrender charges on the face page of certain contracts issued in California to persons aged 60 or older.

2.      Great American denies any and all wrongdoing alleged in the pleadings and Plaintiff's other filings, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action. Great American has asserted numerous legal and factual defenses to the Action. It contends its annuity products are lawful and beneficial and that Plaintiff received adequate notice of any applicable surrender charges. Great American contends that Plaintiff's allegations do not state a cause of action and are not sustainable as a matter of law. In addition, Great American contends that Plaintiff would be unable to prove the elements of the causes of action at trial, and that this would be fatal to both her individual and class claims.

3.      The proposed Settlement resulted from an arm's-length mediation session before the Honorable Ronald M. Sabraw (Ret.) and was concluded only after Plaintiff and Great American conducted their own investigations and evaluation of the factual and legal issues raised by Plaintiff's claims and Great American's defenses.

4.      Plaintiff and Class Counsel have agreed to settle the Action after considering such factors as (a) the benefits to Plaintiff and the Class provided by the Settlement Agreement; (b) the risks and uncertainty of litigation, and the difficulties and delays inherent in such litigation; and (c)

1

the desirability of consummating the Settlement Agreement in order to provide relief to Plaintiff and the Class. Great American considers it desirable to settle and dismiss this Action because this proposed Settlement will finally put Plaintiff's claims and the underlying matters to rest. Great American is also entering into this Settlement Agreement to avoid the expense, burden, inconvenience, and inherent risk of litigation and the concomitant disruption of its business operations.

5.      The Parties have entered into the Settlement Agreement attached hereto as **Exhibit A**, which was previously filed with this Court and attached as Exhibit 1 to the declaration of Ingrid M. Evans.

6.      The Court has reviewed the Settlement Agreement and all the attachments thereto and determined the proposed Settlement to be fair, reasonable, adequate, and within the range of possible approval. The proposed Settlement does not improperly grant preferential treatment to the Plaintiff or any segment of the Class. The proposed Settlement is sufficient to warrant sending notice to the Class. The procedures for establishing and administering the benefits provided by the proposed Settlement and for notice of the proposed Settlement, exclusion from the proposed Settlement, and objections to the proposed Settlement are fair, reasonable, and in the best interests of the Class.

7.      Based on Plaintiff's motion, the Memorandum of Points and Authorities, the Settlement Agreement, and all supporting exhibits and attachments, the Court preliminarily certifies for settlement purposes the Class, as defined in Section II.13 of the Settlement Agreement, pursuant to Rules 23(a) and 23(b)(3). The Court hereby finds for settlement purposes that:

(a)      the numerosity requirement of Rule 23(a)(1) is satisfied because the proposed settlement Class, comprised of more than 4,000 class members, satisfies the requirement that a class be sufficiently numerous such that joinder of all members is impracticable;

(b)      the commonality requirement of rule 23(a)(2) is satisfied because the Great American products owned by the various Class Members all have the same language on their cover pages;

(c)      the typicality requirement of Rule 23(a)(3) is satisfied because the Great American product issued to Plaintiff was similar to those issued to the other members of the Class;

(d)     the adequacy requirement of rule 23(a)(4) is satisfied because (i) Class Counsel is qualified and competent to prosecute the Action vigorously, (ii) Plaintiff's interests are not antagonistic to the interests of the Class, and (iii) Class Counsel and Plaintiff have fairly and adequately protected the interests of the Class; and

(e)     in the context of settlement, common questions "'predominate over any questions affecting only individual members'" and "class resolution [is] 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997).

8.     The Court has reviewed the notice provisions of Section V of the Settlement Agreement and the form of Class Notice attached to the Settlement Agreement as **Exhibit A** hereto.  The Court has determined that mailing the Class Notice to the last known addresses of the Class Members:

(a)     constitutes the best practicable notice under the circumstances;

(b)      is reasonably calculated to apprise Class Members of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlement;

(c)      is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d)      meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments.

Accordingly, the Court **ORDERS** as follows;

1.     The Motion for Preliminary Approval is **GRANTED**. The Court preliminarily approves the proposed Settlement.  All defined terms in the foregoing findings and this Order shall have the same meanings as in the Settlement Agreement.

2.     The Class, as defined in Section II.13 of the Settlement Agreement, is preliminarily certified for settlement purposes only.

3.     The Court appoints Evans Law Firm, Inc. as Class Counsel.

4.     A hearing (the "Fairness Hearing") will be held on **March 27, 2018, at 2:00PM** before the undersigned in the United States District Court for the Northern District of

California, Oakland Division, to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court. The parties are to submit a motion for Final Approval no later than **January 5, 2018**.

5. The Court approves the proposed Class Notice attached to Settlement Agreement as **Exhibit A** hereto and the plan for giving notice.

6. Great American and Class Counsel are authorized to:

   (a) establish the means necessary to administer the proposed Settlement, in accordance with the terms of the Settlement Agreement; and

   (b) retain an Administrator to help administer the proposed Settlement, including the notice provisions.

7. The Court appoints KCC as the Administrator to implement the terms of the Settlement Agreement.

8. The Administrator shall mail the Class Notice to each Class Member by first-class mail, postage prepaid, to his or her last known address no later than **14 days after entry of this Order**, as described in the Settlement Agreement.

9. The Administrator shall file proof of the mailing of the Class Notice <u>as part of the Motion for Final Approval</u>.

10. Class Counsel shall file its motion for approval of Class Counsel's fees, expenses, and class representative service awards no later than **January 5, 2018**.

11. The Court approves the Claim Form attached to the Settlement Agreement as **Exhibit B** hereto. To be valid, any Claim Form must be submitted to the Settlement Administrator in the manner provided in the Claim Form no later than **February 28, 2018**.

12. Great American is prohibited from communicating with Class Members about the Action or the Settlement, but Great American is not precluded from:

   (a) speaking to Class Members in the ordinary course of Great American's business, provided that if Class Members contact Great American regarding the Action or the Settlement, Great American shall direct such Class Members to contact the Administrator or Class Counsel; or

(b)     communicating with agents and employees of Great American or communicating with its auditors, rating agencies, insurance commissioners, regulators, or similar reporting organizations or governmental entities regarding the impact and/or administration of the Settlement.

13.     Each Class Member who wishes to exclude himself or herself from the Class must submit an appropriate, timely written request for exclusion, postmarked no later than **January 4, 2018**.

14.     Any Class Member who does not submit a timely, written request for exclusion from the Class shall be bound by all proceedings, orders, and judgments in the Action, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings against Great American relating to Annuities issued during the Class Period.

15.     Each Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the proposed Settlement, or to the award of attorneys' fees and expenses shall file with the Court, no later than **January 4, 2018,** a notice of objection setting forth the following information: (i) a notice of the Class Member's or the Class Member's counsel's (retained at the Class Member's own expense) intent to appear at the Fairness Hearing; (ii) a detailed statement of the Class Member's objections to any matter before the Court; (iii) the grounds or reasons why the Class Member wishes to appear and to be heard; (iv) any documents and writings that the Class Member wishes the Court to consider; and (v) a statement of any prior class settlement objections made and any fee arrangements made with an attorney regarding any objections, including the objection to this Settlement. Unless the notice of objection sets forth this information and is timely submitted, the Class Member is forever barred from separately objecting.

16.     The Administrator shall rent one or more post-office boxes to be used for receiving requests for exclusion from the Class and any other communications, and no one other than the Court or the Clerk of the Court and the Administrator shall have access to these post-office boxes.

17.     Upon receipt of any request for exclusion, the Administrator shall immediately forward a copy of the exclusion request to Class Counsel and Great American's Counsel.

18. Great American's Counsel and Class Counsel shall promptly furnish each other with copies of any and all written requests for exclusion that might come into their possession that are not otherwise provided by the Administrator.

19. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the proposed Settlement or to comply with the terms of the Settlement Agreement. Further, pending the Court's final determination of whether the proposed Settlement will be approved, each and every Class Member who has not excluded himself or herself from the Settlement, the Class Member's representatives, and/or all persons in active concert or participation with such Class Members are barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, as class members or otherwise, any action, including without limitation a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction), in any federal court, any state court, or any other tribunal or forum of any kind, and from receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, arising out of, based on, or relating to the claims, causes of actions, facts, and/or circumstances alleged in the Action and/or the Released Claims.

20. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (b) the Settlement is terminated in accordance with the terms of the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

21. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered as, received as, used as, or deemed to be evidence in the Action, any other action, or in any other proceeding, except in a proceeding to enforce the

Settlement Agreement. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or proceedings shall be offered as, used as, or deemed to be evidence or an admission or concession by any person of any matter, including but not limited to any liability or wrongdoing on the part of Great American or as evidence of the appropriateness of certification of any class.

22.     The Court reserves the right to continue the Fairness Hearing without further written notice to the Class, but will notify counsel for the Parties and any objectors or their counsel who have timely filed a notice of intention to appear in these proceedings. Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand or change any deadlines contained in this Order or the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: ___November 6, 2017_____

Hon. Yvonne Gonzalez Rogers
United States District Judge

# EXHIBIT 1A

**EXHIBIT A**
TO THE COURT'S ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| JOYCE GOERTZEN, an individual, individually and on behalf of herself all similarly-situated persons, by and through her power of attorney BEVERLY KRAUS, <br><br> Plaintiff, <br><br> vs. <br><br> GREAT AMERICAN LIFE INSURANCE COMPANY, and Does 1-50, <br><br> Defendants. | Case No. 4:16-cv-00240-YGR <br><br> Hon. Yvonne Gonzalez Rogers <br><br> **SETTLEMENT AGREEMENT** |

IT IS HEREBY STIPULATED AND AGREED, by, between, and among Joyce Goertzen, individually and on behalf of the Class defined in this agreement ("Plaintiff"), and Great American Life Insurance Company (with its parents, subsidiary, affiliate, predecessor and successor entities, collectively, "Great American" or "Defendant"), through their respective counsel, that the proceedings in the United States District Court for the Northern District of California, Oakland Division, captioned, *Goertzen v. Great American Life Ins. Co.*, 4:16-cv-00240-YGR (the "Action"), and matters raised by and related to the Action, are settled fully and finally, compromised, and dismissed on the merits, and with prejudice, on the terms and conditions set forth in this Agreement and the attached exhibits, subject to the occurrences set forth that permit Plaintiff or Great American to terminate this Settlement, as well as the approval of the Court and entry of judgment.

## I.      INTRODUCTION

### A.      The Action and Underlying Allegations

On December 15, 2015, Plaintiff Joyce Goertzen filed a class action lawsuit in the
Superior Court of the State of California, County of Alameda, entitled *Joyce Goertzen v. Great
American Life Insurance Company*, Case No. RG15796703. On January 14, 2016, Great
American removed the case to the United States District Court for the Northern District of
California, Oakland Division.

Plaintiff's Complaint makes allegations regarding various Great American fixed deferred
annuity products sold to individuals aged 60 or over in California and seeks certification of a
class of individuals who purchased a policy in California and at the time of purchase were aged
60 or over. The Complaint also alleged a subclass of California purchasers age 65 or older at the
time of purchase. Plaintiff alleged, *inter alia*, that Great American failed to comply with
surrender charge disclosure requirements under California Insurance Code section 10127.13, and
the "free look" disclosure requirement under California Insurance Code section 10127.10.
Plaintiff asserted causes of action for violation of the Unfair Competition Law (California
Business & Professions Code section 17200 et seq., hereinafter, "UCL"), and financial elder
abuse.

Plaintiff sought damages and restitution in connection with the surrender charges, plus
legal interest, punitive damages, and legal fees and costs. The lawsuit also sought injunctive
relief limiting or precluding Great American from continuing to engage in the alleged practices.

Great American denies all of the allegations and any liability to Plaintiff. Great
American has asserted numerous legal and factual defenses to the Action. Great American
contends, among other things, that Plaintiff received adequate notice of any applicable surrender
charges and the free look period. Great American also denies that any claims asserted in this

2

case may properly be adjudicated and tried on a classwide basis pursuant to Rule 23 of the Federal Rules of Civil Procedure.

On November 1, 2016, Great American filed a motion for summary judgment against Plaintiff's individual claims against Great American. The Court denied that motion on June 1, 2017. On July 19, 2017, Plaintiff filed a motion for class certification with respect to four Great American products and concerning only her claims for violation of section 10127.13 of the Insurance Code. On August 15, 2017, the parties engaged in a mediation session before the Honorable Ronald Sabraw (Ret.). The parties reached a settlement agreement at the mediation.

## B. The Background of the Settlement

### 1. Plaintiff's Position

During the course of this Action, Class Counsel claims to have reviewed thousands of pages of documents and to have analyzed extensive data, and have taken the deposition of Great American through its 30(b)(6) witness, Vera Ray. Plaintiff also consulted with several actuarial experts concerning data provided to plaintiff by Great American.

Based upon the discovery, investigation, and evaluation of the facts and the law, Plaintiff and Class Counsel have agreed to settle the Action after considering such factors as (1) the benefits to the Class provided by this Settlement Agreement; (2) the risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this Settlement Agreement in order to provide relief to the Class.

### 2. Great American's Position

Great American expressly denies any and all wrongdoing alleged in the pleadings and Plaintiff's other filings, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged

against it in the Action. Great American contends that Plaintiff's allegations do not state a cause of action and are not sustainable as a matter of law. In addition, Great American contends that Plaintiff would be unable to prove the elements of the causes of action at trial, and that this would be fatal to both individual and class claims. In this regard, Great American contends that it would be inappropriate to certify a litigation class in this Action.

Nonetheless, Great American considers it desirable for this Action to be settled and dismissed because this Settlement will finally put Plaintiff's claims and the underlying matters to rest. Great American is also entering into this Settlement Agreement to avoid the expense, burden, inconvenience, and inherent risk of litigation and the concomitant disruption of its business operations.

## II. DEFINITIONS

A.     As used in this Agreement and the attached exhibits (which are incorporated by reference), the following terms have the following meanings, unless this Agreement specifically provides otherwise:

1.     **"Account Value"** means the accumulation value as defined in the Annuities owned by Class Members, as reflected in the business records of Great American as of the date such value is to be calculated.

2.     **"Action"** means the above-captioned action, specifically, Joyce Goertzen, individually and on behalf of herself and all similarly-situated persons, by and through her power of attorney Beverly Kraus, versus Great American Life Insurance Company, United States District Court for the Northern District of California, Case No. 4:16-cv-00240-YGR.

3.     **"Active Annuity"** means any Annuity except those that have been fully surrendered, returned under a "free-look" provision or otherwise been rescinded, annuitized, or for which a death benefit has been paid or has become payable, unless the surviving spouse of

4

the Owner elected to continue the Annuity and the Annuity has not thereafter been fully surrendered, rescinded, or Annuitized, nor has a death benefit again become payable under such Annuity.

4.     **"Administrator"** means the Court-appointed, third-party agent or administrator to be retained jointly by the Parties to provide notice to the Class Members, administer the Claim Review Process, or otherwise assist in implementing the terms of this Agreement.

5.     **"Agreement"** or **"this Agreement"** or **"Settlement Agreement"** means this Settlement Agreement and the exhibits attached hereto or incorporated herein, including any subsequent amendments and any exhibits to such amendments.

6.     **"Annual Withdrawal"** means an amount of 10% of an Annuity's Account Value as of the most recent Contract Anniversary, which may be withdrawn annually without incurring a Surrender Charge under the terms of the Annuity.

7.     **"Annuity"** means a Great American fixed deferred annuity with the marketing name AssuranceSelect 7, or Safe Return, that was issued in California between January 1, 2008, to February 15, 2015, or the marketing name AssuranceProtect 6 or Safe Outlook, that was issued in California between January 1, 2008 and January 6, 2015, on a California policy form to at least one Owner who was a California resident and aged 60 or older at the time of issue. For annuities purchased by non-natural persons or the trustee(s) for a trust, the age of the Annuitant (or older Annuitant if there are joint Annuitants) at the time of issue will be used (instead of the owner's age) to determine whether the product qualifies as an "Annuity." Excluded from the definition of "Annuity" are policies (i) that were issued but not accepted or were returned to Great American as part of the exercise of the free-look provision in the annuity

or were otherwise rescinded on or before the Valuation Date, (ii) that were surrendered in full without incurring any Surrender Charge on or before the Valuation Date, and (iii) as to which the rights and claims have been finally adjudicated in a court of law.

8.    **"Annuitant"** means a natural person upon whose life the amount and duration of Annuity Payments involving life contingencies depend with respect to an Annuity.

9.    **"Claim"** means the claim of a Class Member for an Enhanced Withdrawal Benefit as provided in this Agreement.

10.    **"Claim Form"** means the form that the Administrator will send to Class members as part of the Class Notice Package, substantially in the form set forth as Exhibit B. Class Members who choose to apply for the Enhanced Withdrawal Benefit are required to submit a complete Claim Form to the Administrator in accordance with the terms of this Agreement.

11.    **"Claimant"** means a Class Member, or the authorized representative or beneficiary of a Class Member, who submits a Claim.

12.    **"Claim Review Process"** means the process and procedures for the presentation, evaluation, and notification to Claimants of the approval or disapproval of Claims.

13.    **"Class"** or **"Class Member"** or **"Class Members"** means and includes any current or most recent Owner (or joint Owners) of an Annuity, according to Great American's policy administration system as of the Eligibility Date, who has not made a valid request for exclusion from this Settlement. "Class," "Class Member," and "Class Members" do not include an Owner of a particular Annuity who (a) is or was a member of the Board of Directors, or an officer, shareholder or employee, of Great American; (b) is an affiliate, legal representative, attorney, successor, or assign of Great American; (c) is a judge, justice, or

6

judicial official presiding over the Action or is with the staff or immediate family of such judge, justice or official; or (d) is a person or entity hired to administer the terms of the Settlement. Any reference to "Class" or "Class Member" or "Class Members" with respect to a date before the Effective Date shall refer to those persons or trustees who would be Class Members if such date were the Effective Date.

        14.    **"Class Counsel"** means the Evans Law Firm, Inc.

        15.    **"Class Counsel Payment"** means the payment Great American agrees to make to Class Counsel in an amount approved by the Court, which shall not exceed the amounts set forth in IX.B for reimbursement of all reasonable expenses and costs incurred by Class Counsel in connection with the Action.

        16.    **"Class Notice"** means the notice provided to Class Members pursuant to this Agreement in the form attached hereto as Exhibit A.

        17.    **"Class Notice Package"** means the Class Notice and any other documents to be mailed together with the Class Notice in accordance with section V.B.

        18.    **"Class Representative"** means Joyce Goertzen.

        19.    **"Contract Anniversary"** means the annual anniversary of the date as of which the first purchase payment was applied to the Annuity.

        20.    **"Court"** means the United States District Court, Northern District of California.

        21.    **"Effective Date"** means the date on which the Final Order and Judgment approving this Agreement becomes final for all purposes, including appeal. For purposes of this Agreement: (a) if no appeal is taken from the Final Order and Judgment, "Effective Date" shall be the date on which the time to appeal from the Final Order and Judgment has expired; or (b) if

any appeal has been taken from the Final Order and Judgment, "Effective Date" means the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing *en banc* and petitions for *certiorari* or any other form of review, have been finally resolved by order, mandate or otherwise, in a manner that affirms the Final Order and Judgment; or (c) if the Parties agree in writing and the Court so orders, "Effective Date" can occur on any other agreed date.

22.     **"Enhanced Withdrawal"** means a one-time withdrawal from a Class Member's Annuity in excess of 10% of the Annuity's Account Value as of the most recent Contract Anniversary that will not be assessed a Surrender Charge. The Enhanced Withdrawal is in addition to the Annual Withdrawal, so that Class Members who exercise the Enhanced Withdrawal Benefit will withdraw a total of 20% of the Account Value in a single year without incurring Surrender Charges, subject to the provisions of Section IV.C of this Agreement.

23.     **"Enhanced Withdrawal Benefit"** means a Class Member's right to take an Enhanced Withdrawal. The Benefit will be available to eligible Class Members who complete and timely submit a Claim Form and are granted the Benefit by the Administrator in accordance with Section IV.C.

24.     **"Fairness Hearing"** means a hearing to be held on a date set by the Court, at which time the Court will make a final decision on whether to approve this Agreement as fair, reasonable, and adequate.

25.     **"Final Order and Judgment"** means the Court's order approving the Settlement and this Agreement that is substantially in the form attached hereto as Exhibit D, as described in Section XI of this Agreement.

26. **"Foregone Surrender Charge"** means the Surrender Charge that Great American would have been entitled to assess on an Enhanced Withdrawal from the Annuity if Great American were assessing a Surrender Charge on the withdrawal in accordance with the terms of the Annuity.

27. **"Great American"** means Great American Life Insurance Company.

28. **"Great American's Counsel"** means Alston & Bird LLP.

29. **"Owner"** means any person or trustee identified in Great American's policy administration system as having an ownership interest in an Annuity as of the Eligibility Date or the last person or trustee identified as having an ownership interest in an Annuity prior to the Eligibility Date.

30. **"Partial Surrender Charge Refund Payment"** means a payment to a Class Member in an amount of thirty-five percent (35%) of the total Surrender Charges assessed on a partial or full surrender from the Class Member's Annuity(s) if the total Surrender Charges exceed $5.00. If the total Surrender Charges assessed on a partial or full surrender from the Class Member's Annuity(s) are $5.00 or less, Partial Surrender Charge Refund Payment means a payment in the amount of $5.00.

31. **"Parties"** means Plaintiff and Great American, collectively.

32. **"Plaintiff"** means Joyce Goertzen.

33. **"Preliminary Approval Order"** means the order to be entered by the Court in substantially the form attached as Exhibit C preliminarily approving this Agreement, as described in Section XI of this Agreement.

34. **"Release"** means the release and waiver set forth in Section VIII of this Agreement.

9

35.     **"Settlement"** means the transactions, rights, obligations, conditions, Release, and other matters contemplated by, described in, or provided by the Settlement Agreement in the aggregate.

36.     **"Surrender Charge"** means the surrender charge applicable under the provisions of the Annuity owned by the Class Member, including any early withdrawal charges, as defined in the Annuity.

37.     **"Valuation Date"** means the date by which a Class Member must have taken a partial or full surrender that was assessed a Surrender Charge in order to be eligible for a Partial Surrender Charge Refund Payment.

38.     The terms "he" or "she" and "his" or "her" include "it" or "its," where applicable. Defined terms expressed in the singular also include the plural form of such term, and vice versa, where applicable.

39.     All references herein to sections, paragraphs, and exhibits refer to sections, paragraphs, and exhibits of and to this Agreement, unless otherwise expressly stated in the reference.

## III.    SETTLEMENT PROCESS

The dates for the events contemplated by this Settlement Agreement are as follows:

| Event Date | Event |
|------------|-------|
| September 1, 2017 | Valuation Date |
| On or before September 29, 2017 | Filing of Motion for Preliminary Approval with Settlement Agreement as an Exhibit |

| | |
|---|---|
| Within 10 days after filing of the Settlement Agreement with the Motion for Preliminary Approval | Great American to Mail CAFA notices to the US Attorney General and the insurance regulator for each state in which a Class Member resides |
| To be set by Court | Hearing on Preliminary Approval **10-31-17** |
| Eligibility Date | The first business day following entry of the Preliminary Approval Order |
| Within 7 days after entry of Preliminary Approval Order | Great American to provide list of names and addresses of Class Members to the Administrator, and to provide data re amounts of refunds of Partial Surrender Charge Refund Payment |
| Within 14 days after entry of Preliminary Approval Order **11-20-17** | Mailing of Class Notice Package. Administrator to provide Great American and Class Counsel with copies of claim forms on rolling basis as received. |
| Within 21 days after the mailing of the Class Notice Package **11-27-17** | Motion for Final Approval to be filed jointly. Class Counsel to file Petition for Class Counsel Payment and Plaintiff's service award. |
| 45 days after mailing of Class Notice Package **1-4-18** | Deadline for postmarking of exclusions, and deadline for filing objections and requests to be heard at the Fairness Hearing |
| 56 days after mailing of the Class Notice Package | Administrator to serve counsel with a declaration stating all exclusions |

| | |
|---|---|
| 70 days after mailing of the Class Notice Package<br><br>1/29/18 | Plaintiff to file notice specifying those who have objected, requested exclusion, or requested to be heard at the Fairness hearing together with the declaration of the Administrator |
| Within 100 days after mailing of Class Notice Package<br><br>2/28/18 | All Claim Forms must be postmarked and sent to Administrator. |
| Within 110 days after mailing of Class Notice Package | Administrator to provide Great American and Class Counsel with an Excel spreadsheet that lists, for each Class Member who is eligible for a Partial Surrender Charge Refund Payment: (i) the policy or certificate number of the eligible Annuity(s); (ii) the Class Member's name; and (iii) the amount to be distributed in the form of a Partial Surrender Charge Refund Payment to each Class Member including the total. |
| Within 120 days after mailing of Class Notice Package | Administrator to provide Great American and Class Counsel with an Excel spreadsheet that lists, for each Claim Form that is timely submitted and received from a Class Member who did not request an exclusion: (i) the policy or certificate number of the Annuity with respect to which the Claim was submitted; (ii) the claimant's name; (iii) whether the Claim Form was approved for an Enhanced Withdrawal Benefit; (iv) if the Claim was rejected, the basis for such rejection. |
| To be set by the Court, but not less than 125 days after entry of the Order on Preliminary Approval  3/27/18  2pm | Fairness Hearing |
| Three weeks prior to the Fairness Hearing<br>1/5/18 | Motion for Final Approval to be filed by Plaintiff |

| | |
|---|---|
| 6 days after the Effective Date | Last date for Great American to provide funds to Settlement Administrator to cover payment of Partial Surrender Charge Refund Payments |
| 10 days after the Effective Date | Great American to issue service award to Plaintiff and Class Counsel Payment |
| 10 days after the Effective Date | Administrator to mail Partial Surrender Charge Refund Payments and provide proof of check tender to Great American |
| 10 days after the Effective Date | Great American to provide Administrator with Account Values as of most recent Contract Anniversary used to calculate the 10% withdrawal for each Claimant whose Active Annuity(s) were approved for Enhanced Withdrawal Benefit |
| 15 days after the Effective Date | Administrator to calculate Enhanced Withdrawal Benefit to be paid to each Claimant whose Active Annuity(s) were approved for Enhanced Withdrawal Benefit and to provide that data to Great American and Class Counsel. Administrator to also state the total amount to be distributed by Great American to Class Members in Enhanced Withdrawal Benefits. |

| 20 days after the Effective Date | Great American to mail Enhanced Withdrawal Benefits |
|---|---|
| 20 days after the Effective Date | Administrator provides interim report to Great American and Class Counsel |
| 90 days after the Effective Date | Administrator certifies to the Parties' counsel that all checks for Partial Surrender Charge Refund Payments have been distributed under the Settlement Agreement, and returns all materials generated by the Claim Review Process to Great American. The Administrator will advise the Parties' counsel of any check that was not delivered to any Class Member. |
| 90 days after the Effective Date | Great American certifies that all checks for Enhanced Withdrawals have been distributed under the Settlement Agreement. |
| 110 days after the Effective Date | Administrator provides final report to Great American and Class Counsel |

## IV.   SETTLEMENT BENEFITS

### A.   Overview

The relief to be provided pursuant to this Agreement is specific to two distinct categories of Annuities owned by Class Members: (i) Annuities that have incurred Surrender Charges on or before September 1, 2017 (the "Valuation Date"); and (ii) Active Annuities that have not

14

incurred any Surrender Charges on or before the Valuation Date. Each Annuity in group (i) owned by a Class Member will receive a Partial Surrender Refund Payment, which is a payment equal to thirty-five percent of the total Surrender Charges assessed against any partial or full surrender of the Annuity. Each Annuity in group (ii) owned by a Class Member will be eligible for an Enhanced Withdrawal Benefit as described below.

If a Class Member falls into more than one of the above groups due to ownership of multiple Annuities, settlement benefit determinations will be based on the status and issue age of each separate Annuity. The issue age of an Annuity issued to joint owners will be deemed 60 if at least one owner was age 60 on the issue date. For Annuities issued to non-natural persons or trustees, the issue age will be deemed 60 if at least one Annuitant was age 60 on the issue date.

Class Members who purchased an Annuity that was assessed a Surrender Charge will receive an automatic benefit and will not be required to submit a Claim Form to obtain any relief provided under this Settlement with respect to that Annuity. Class Members who purchased an Annuity that, as of the Valuation Date, was an Active Annuity that had not incurred any Surrender Charge will be required to submit a Claim Form in order to be eligible for the Enhanced Withdrawal Benefit with respect to that Annuity.

### B. Partial Surrender Charge Refund Payment

1. Class Members who own Annuities that were assessed any Surrender Charges on any partial or full surrenders of such Annuities on or before the Valuation Date are entitled to a Partial Surrender Charge Refund Payment. The amount of each Class Member's Partial Surrender Charge Refund Payment shall be calculated as follows if the Class Member was assessed more than $5.00 in total Surrender Charges on his or her Annuity(s): multiply thirty-five percent by the total Surrender Charges assessed on any partial or full surrender on or before the Valuation Date, with respect to each Annuity owned by a Class Member. For Class

15

Members who were assessed $5.00 or less in total Surrender Charges, the amount of the Partial Surrender Charge Refund Payment shall be $5.00. An Annuity owned by a Class Member that has been assessed a Surrender Charge on any partial or full surrender will not be eligible for an Enhanced Withdrawal Benefit.

      2.     The Administrator shall mail checks to Class Members eligible for Partial Surrender Charge Refund Payments no later than 10 days after the Effective Date. The checks shall expire 100 days after the date of issuance.

      3.     In the event the Class Member eligible for a Partial Surrender Charge Refund Payment is deceased, the Administrator shall mail checks to the designated beneficiary under the Annuity at the time of surrender, payment of death benefit, or the death of the Class Member. In the event that there are more than one designated beneficiaries, the Partial Surrender Charge Refund shall be allocated in proportion to the designation under the Annuity.

      4.     Any unclaimed funds shall not revert back to Great American. Any unclaimed funds shall be deposited with the State of the Owner's last known address, or the last known address of the beneficiaries if the Owner is deceased. Great American shall deposit the funds in accordance with the unclaimed property laws of each state.

### C.    Enhanced Withdrawal Benefit

If an Annuity owned by a Class Member has not been assessed any Surrender Charges on or before the Valuation Date, that Annuity will be eligible for an Enhanced Withdrawal Benefit. The Enhanced Withdrawal Benefit is a one-time withdrawal which will not be assessed a Surrender Charge. The Enhanced Withdrawal is in addition to the Annual Withdrawal already permitted under the Annuities. There will be a cap on this Benefit in the amount of $350,000 in Foregone Surrender Charges, which may affect the amount of the withdrawal. The Enhanced Withdrawal Benefit will be 10% of the Annuity's Account Value as of the most recent Contract

16

Anniversary prior to the submission of the Claim Form, subject to the cap. In the event that the value of the Claims submitted would result in more than $350,000 in Foregone Surrender Charges, then the percentage of the Account Value that can be taken in the form of an Enhanced Withdrawal shall be reduced to a percentage for which the total amount of Foregone Surrender Charges on the Enhanced Withdrawals will be $350,000.

1. Claim Submission

In order to receive an Enhanced Withdrawal Benefit, a Class Member must complete a Claim Form relating to the Annuity that is the subject of the Claim and return it to the Administrator within 100 days of the Administrator's mailing of the Class Notice Package, in accordance with Section IV.B.2. A separate Claim Form must be submitted for each Active Annuity for which the Class Member chooses to submit a Claim for Enhanced Withdrawal Benefits. The Administrator may accept and evaluate Claim Forms from Class Members who failed to timely submit their Claim Forms for good cause shown. A Claimant may supplement any Claim Form at any time before final determination of the Claim by the Administrator. No later than 14 days after entry of the Preliminary Approval Order, the Administrator shall mail the Class Notice Package to Class Members. The Class Notice Package mailed to Class Members who own at least one Active Annuity that is not eligible for Partial Surrender Charge Refund Payments shall include the Class Notice and a Claim Form. If the Class Member chooses to submit a Claim Form, the Class Member shall properly complete and sign the Claim Form under penalty of perjury and cause the Claim Form to be postmarked and sent to the Administrator no later than 100 days after the mailing of the Class Notice Package.

2. Claim Review Administrator

Based on the information contained in or submitted with the Claim Form, the

Administrator will determine the Enhanced Withdrawal Benefits, if any, for which each Claimant qualifies. If there is any problem making this determination, the administrator will contact both counsel for the parties and a joint solution will be submitted to the Administrator.

      3.     Claim Review Process

In order to obtain Enhanced Withdrawal Benefits, a Claimant must:

      (a) Have an Active Annuity and not incurred any Surrender Charges on any partial or full surrenders from that Annuity; and

      (b) timely submit a Claim Form in accordance with Section C.1 above.

Each Claimant must timely submit a Claim Form as to each Active Annuity as to which Enhanced Withdrawal Benefits are requested and must state, under penalty of perjury, that the Owner was not aware at the time she or he applied for the Annuity that Surrender Charges would apply to surrenders or withdrawals from the Annuity in excess of 10% of the Annuity's Account Value as of the most recent Contract Anniversary. If the Claimant is a revocable trust, then the Claim will be assessed based on the settlor's (also called the trustor or grantor) circumstances. If the Claimant is an irrevocable trust, then the Claim will be based on the Owner's circumstances. All Claim Forms must be postmarked no later than 100 days after the mailing of the Class Notice Package.

The Administrator will review the Claim Forms and determine which Forms were complete and timely submitted. Within 120 days after the mailing of the Class Notice Package, the Administrator will provide Great American and Class Counsel with a list of each Claimant who was approved for the Enhanced Withdrawal Benefit, and the policy number for each of the Active Annuity(s) with respect to which the claim was submitted. Within 10 days of the Effective Date, Great American will provide the Administrator with the Account Values as of the

18

most recent Contract Anniversary used to calculate the initial 10% withdrawal for each Claimant whose Active Annuity(s) was approved for the Enhanced Withdrawal Benefit. Within 15 days after the Effective Date, the Administrator will calculate the Enhanced Withdrawal Benefit to be paid to each Claimant whose Active Annuity(s) was approved for an Enhanced Withdrawal Benefit and provide that data to Great American. The Administrator will also provide the Parties' counsel with the total amount to be distributed by Great American to Class Members in Enhanced Withdrawal Benefits.

## V. NOTICE TO THE CLASS AND COMMUNICATIONS WITH CLASS MEMBERS

### A. Timing of Class Notice Package

No later than 14 days after entry of the Preliminary Approval Order, the Administrator will send a Class Notice Package to each Class Member. Notice shall be mailed first-class mail, postage prepaid, to the last known address supplied by Great American as of the Eligibility Date. Great American shall provide the list of potential Class Members and their last known addresses to the Administrator within 7 days after entry of the Preliminary Approval Order.

### B. Content of Class Notice Package

The Class Notice Package sent to Class Members eligible for a Partial Surrender Charge Refund Payment shall consist of a Class Notice. The Class Notice Package sent to Class Members eligible for an Enhanced Withdrawal Benefit shall consist of a Class Notice and Claim Forms for any eligible Active Annuities. Class Notice will be substantially in the form of Exhibit A attached to this Agreement, and no alteration may be made to the form of notice approved by the Court in the preliminary approval order without the consent of both parties. The Claim Form will be substantially in the form of Exhibit B attached to this Agreement, and no alteration may be made to the form of the claim form approved by the Court in the preliminary approval order without the consent of both parties.

19

## C.   Administrator

1.   The Administrator shall:

(a)   verify the mailing list for the Class Notice Package prior to the mailing by using the National Change of Address database during the fourteen (14) day period prior to the date of the mailing;

(b)   prepare and mail the Class Notice Package;

(c)   process any mail returned as undeliverable with forwarding address information by re-mailing the Class Notice to the forwarding address or, if no forwarding address information is available, by conducting an advanced address search utilizing Social Security numbers and re-mailing the Class Notice to any forwarding address obtained.  If the Owner is no longer living, or the notice package is returned as undeliverable, the package will be mailed to the beneficiaries designated under the Annuity, or the beneficiaries designated at the time of the surrender or payment of the death benefit under the Annuity.

(d)   make any additional mailings required by this Agreement;

(e)   no later than 110 days after the mailing of the Class Notice Package, provide Great American and Class Counsel with an Excel spreadsheet that lists, for each Class Member who is eligible for a Partial Surrender Charge Refund Payment: (i) the policy or certificate number of the eligible Annuity(s); (ii) the Class Member's name; and (iii) the amount to be distributed in the form of a Partial Surrender Charge Refund Payment to each Class Member;

(f)   no later than 120 days after the mailing of the Class Notice Package, provide Great American and Class Counsel with an Excel spreadsheet listing the following information for each Claim Form that is timely submitted and received: (i) the policy or certificate number of the Annuity with respect to which the Claim was submitted; (ii) the

20

claimant's name and state of residence; (iii) whether the Claim Form was approved for an Enhanced Withdrawal Benefit; and (iv) if the Claim was rejected, the basis for such rejection.

(g)    receive requests for exclusion, and provide copies of such items to the Parties' counsel;

(h)    receive any written correspondence or communication concerning the Settlement from persons or entities in the Class, provide copies of such correspondence to Parties' counsel, and send responses to such correspondence and communications as directed by the Parties' counsel;

(i)    arrange for, staff, and maintain a toll-free call center to respond to questions from persons or entities in the Class (in accordance with question-and-answer scripts approved by the Parties' counsel), which shall be reasonably staffed during business hours to receive calls;

(j)    make any additional mailings required by this Agreement;

(k)    upon receipt of any requests for exclusion, immediately forward the request to Class Counsel and Great American's Counsel;

(l)    no later than 56 days after the mailing of the Class Notice, provide the Parties with information regarding all Class Members who have notified the Administrator that they plan to exclude themselves from the Settlement or appear at the Fairness Hearing;

(m)    within 10 days following the Effective Date, mail checks for Partial Surrender Charge Refund Payments;

(n)    contemporaneously with the distribution of the checks for the Partial Surrender Charge Payments, provide Great American evidence of such mailing;

(o)     within 15 days after the Effective Date, calculate the Enhanced Withdrawal Benefit to be paid to each Class Member whose Annuity(s) was approved for an Enhanced Withdrawal Benefit and provide that data to Great American. The Administrator will also provide the Parties' counsel with the total amount to be distributed to Class Members in the form of Enhanced Withdrawal Benefits;

(p)     within 20 days after the Effective Date, provide Class Counsel and Great American with an interim report containing all data concerning the Partial Surrender Charge Refund Payments and Enhanced Withdrawal Payments provided to Class Members;

(q)     within 90 days after the Effective Date, certify to the Parties' counsel that all checks for Partial Surrender Charge Refund Payments have been distributed under the Settlement Agreement, and return all materials generated by the Claim Review Process to Great American. The Administrator will also advise the Parties' counsel of any check that was not delivered to any Class Member.

(r)     within 110 days after the Effective Date, provide Class Counsel and Great American with a final report containing all data concerning the Partial Surrender Charge Refund Payments and Enhanced Withdrawal Payments provided to Class Members

(s)     within 10 days of the expiration of the last check issued for a Partial Surrender Charge Refund, provide an accounting of any unclaimed funds, which shall be deposited by Great American in accordance with the Section IV.B(4) of this Agreement;

(t)     execute other tasks delegated to the Administrator under this Agreement or agreed to by the Parties' counsel.

2.     The Parties' counsel and their respective designees shall be entitled to observe, and monitor the performance of the Administrator.

22

3.       The contract governing the engagement of the Administrator shall obligate each such Administrator to abide by the following performance standards:

(a)       the Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and neutrally describe, the provisions of this Agreement in communications with persons and entities in the Class;

(b)       the Administrator, its employees, and agents may not make any statements to a Class Member that might reasonably be viewed as causing or helping to cause a Class Member to surrender his or her Annuity, and shall not advocate any form of benefit contemplated by this Agreement;

(c)       the Administrator may not render any investment, insurance, or savings advice whatsoever;

(d)       the Administrator shall provide prompt, accurate, and neutral responses to inquiries from the Parties' counsel;

(e)       if, in the course of any communication with a person or entity in the Class, the person or entity requests that the Administrator or its agent or employee refer the communication to Class Counsel, or if the Administrator or its agent or employee determines that the Class Member is seeking legal advice, then the Administrator or its agent or employee shall promptly refer the inquiry to Class Counsel; and

(f)       if, in the course of any communication with a person or entity in the Class, an agent or employee of the Administrator reasonably concludes that the person or entity is not satisfied with the information or assistance provided, the communication shall promptly be referred to a supervisor.

## VI.    REQUESTS FOR EXCLUSION

A.    Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion to the Administrator at the address provided in the Class Notice, postmarked no later than 45 days after the mailing of the Class Notice, or as the Court otherwise may direct.

B.    The Administrator will forward copies of any written requests for exclusion to Class Counsel and Great American's Counsel immediately upon receipt, and shall provide Class Counsel and Great American's Counsel with a list of all Class Members who wish to be excluded no later than 56 days after the mailing of the Class Notice, or as the Court otherwise may direct.

C.    A list reflecting all requests for exclusion shall be filed with the Court by Class Counsel no later than 70 days after the mailing of the Class Notice, or as the Court may otherwise direct.  Such list shall be filed under seal and be subject to the Court's Confidentiality Order.

D.    Any Class Member who does not file a timely written request for exclusion, as provided in this Section, shall be bound by all subsequent proceedings, orders, and judgments in this Action, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against Great American with respect to the Released Claims. To the extent practicable, the Administrator will use reasonable efforts to serve the Class Notice on counsel for Class Members who subsequently initiate litigation, arbitration, or other proceedings against Great American relating to the Released Claims prior to the Effective Date.  Great American will advise Class Counsel of any pending litigation.

E.    If any one Owner of an Annuity excludes himself or herself from the Class, pursuant to Section VI.A of this Agreement, all other Owners of that Annuity shall be deemed

excluded from the Class with respect to that Annuity, and all rights and obligations with respect to that Annuity shall be unaffected by the Settlement Agreement.

F. A Class Member must either exclude, or not exclude, all Annuities in which the Class Member has an interest as an Owner. A Class Member may not exclude some, but not all, Annuities in which the Class Member has an interest as an Owner. If a Class Member submits a timely and otherwise complete request for exclusion that attempts to exclude some, but not all of the Annuities in which the Class Member has an interest as an Owner, all Annuities in which the Class Member has an interest will be deemed excluded from the Settlement.

## VII. OBJECTIONS TO SETTLEMENT

A. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to the award of attorneys' fees and expenses may do so by filing a written objection with the Court. The objection must be filed with the Court no later than 45 days after the mailing of the Class Notice, or as the Court may otherwise direct. An objection that is not timely and properly made shall be forever barred. A person who excludes himself or herself from the Class is not a Class Member and may not object.

B. All objections must contain the following: (i) the objecting party's name, address, telephone number, and Annuity number(s); (ii) the factual basis and legal grounds for the objection; (iii) any evidence or other information the objecting party wishes to offer in support of the objection; and (iv) the signature of the individual who is objecting.

C. Class Members may object to the Settlement either on their own or through an attorney retained at their own expense. Any Class Member who files a notice of objection may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense. However, if the Class Member intends to appear and be heard at the Fairness

Hearing, either in person or through counsel, the notice of objection must include: (i) a written notice of the Class Member's or the Class Member's counsel's intent to appear at the Fairness Hearing; (ii) a detailed statement of the Class Member's objections to any matter before the Court; (iii) the grounds or reasons why Class Member wishes to appear and to be heard, either in person or through counsel; (iv) any documents and writings that the Class Member wishes the Court to consider; and (v) a statement of any prior class settlement objections made by such Class Member and any fee arrangements made with an attorney regarding any objections, including the objection to this Settlement.

D.  Any Class Member who fails to comply with the provisions of Sections VII.A and VII.B above shall waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of this Agreement and by all proceedings, order, and judgments, including, but not limited to, the Release, in this Action. Any Class Member who fails to comply with the provisions of Section VII.C above shall waive and forfeit any and all rights he or she may have to appear and be heard at the Fairness Hearing.

E.  Any Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement if it is approved, so long as the objecting Class Member meets all of the conditions of this Agreement applicable to Class Members and settlement benefits.

## VIII.  RELEASE AND WAIVER

### A.  Release and Waiver — Definitions

For purposes of this release and waiver (the "Release"):

1.  "Releasees" means, individually and collectively, Great American, its past, present and future parent companies, subsidiaries, affiliates, predecessors, successors, and assigns, together with all of its and their present, former, and future officers, directors, shareholders, insurers, employees, attorneys, legal representatives, and agents (including,

without limitation, those acting on behalf of Great American and within the scope of their agency) and their predecessors, successors and, assigns.

2. "Released Claims" means any and all past, present, or future claims, complaints, causes of action, allegations of liability, damages, restitution, equitable, legal or other interest, or demands or rights, whether known or unknown, that concern, refer or relate to, or arise out of, in whole or in part, any facts, events, or transactions relating to the Annuities that have occurred or were in existence at any time prior to the entry of the Final Order and Judgment, including, without limitation, non-compliance with statutory and regulatory requirements. Without limiting the foregoing, "Released Claims" include, but are not limited to, all claims that were asserted in the Action, or that could have been asserted against Great American before any court, arbitration panel, or regulatory or administrative agency based on or related to facts alleged in any of the complaints filed in this Action, whether or not brought directly, indirectly, on a representative basis, or otherwise. Nothing in this Release shall extend to independent agents in connection with any advice regarding, recommendation of, or sale of annuity products issued by companies other than Great American.

**B. Release**

Upon the Effective Date, Plaintiff and every Class Member, for themselves, their attorneys, spouses, beneficiaries, executors, conservators, personal representatives, wards, heirs, predecessors, successors, affiliates, agents, and assigns, in consideration of the benefits set forth in this Agreement, fully and finally release Releasees from all Released Claims.

**C. Waiver Under California Civil Code Section 1542**

1. The Parties acknowledge that it is possible that unknown losses or claims exist or might exist or that present losses may have been underestimated in amount. Plaintiff and every member of the Class are deemed to acknowledge and understand that they are familiar

27

with principles of law such as and including Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

2.      Plaintiff and the Class are hereby deemed to agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived by Plaintiff and the Class in connection with the Released Claims as defined in the foregoing paragraphs of this Release, and Plaintiff and the Class are deemed to agree that this is an essential term of this Agreement. Plaintiff and the Class are also deemed to acknowledge and understand that they may later discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in this Agreement. Nevertheless, it is the intention of Plaintiff and the Class to fully, finally, and forever settle and release all matters with Releasees that exist, hereafter may exist, or might have existed regarding the Released Claims, as defined under this Agreement.

3.      Plaintiff acknowledges that Class Counsel has advised her and that she is familiar with the provisions of Section 1542 of the California Civil Code, as well as the provisions of any and all comparable or similar statutes or principles of law of any other state or federal jurisdiction that might otherwise be deemed applicable, and that, being aware of Section 1542 and other similar statutes or principles of law, Plaintiff expressly waives any and all rights and benefits conferred by Section 1542 or other similar statutes or principles of law on behalf of

28

herself, and on behalf of the Class. Plaintiff admits to full knowledge and understanding of the consequences and effect of this waiver.

### D. Additional Conditions of Release

1. Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed therein.

2. Plaintiff expressly agrees that this Release shall be, and may be raised as, a complete defense to, and will preclude, any action or proceeding encompassed by the release of Releasees herein, and as a bar from indemnity and contribution claims arising out of the Released Claims herein.

3. No Plaintiff or Class Member may participate in any settlement or other relief sought in any action brought on behalf of the Plaintiff or any Class Members by any state or federal government officials or agencies pertaining to any Released Claims.

4. Each Plaintiff and each Class Member, for himself or herself, his or her attorneys, spouse, beneficiaries, executors, conservators, personal representatives, wards, heirs, predecessors, successors, and assigns agrees not to file an appeal from or otherwise seek review of any order approving this Settlement Agreement.

5. It is the intention of the Plaintiff, on behalf of herself and the Class Members, in executing this Release to fully, finally, and forever settle and release all matters and all claims released under this Section.

## IX. ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

### A. Service Awards

Subject to Court approval, Great American agrees to pay Plaintiff no more than $20,000 as a service award for participation as a Class Representative in the Action. Great American will pay the service award approved by the Court in addition to any benefits that Plaintiff is entitled

to receive under this Agreement as a Class Member. Great American will pay any service award within 10 days of the Effective Date. Class Counsel agrees not to seek a service award for the Class Representative that exceeds $20,000 in the aggregate.

**B.    Petition for Class Counsel Payment**

1.    Class Counsel agrees not to seek or accept an award of attorneys' fees and costs in excess of, or in addition to, $370,513.69 in attorneys' fees and $20,000 for reimbursement of their expenses and costs as the Class Counsel Payment. Great American agrees not to oppose any request by Class Counsel for a Class Counsel Payment of up to $336,831.00 in fees and $20,000 in costs, either in this Action or on appeal; however, Great American shall have no obligation to join in Class Counsel's request or in any related submissions. In the event that Class Counsel submits a request for attorneys' fees in excess of $336,831.00, Great American may oppose any part of the request that exceeds $336,831.00.

2.    The Parties may have divergent views concerning the most appropriate approach to a valuation of the benefits to Class Members under this Agreement, the most appropriate method for conducting such a valuation, and the proper standard against which any valuation is to be measured in connection with the process for approval of the Settlement. The Parties agree that any appropriate valuation necessarily involves assessments of uncertain future events and certain elections and actions to be made or taken by the Class Members. Plaintiff estimates that the reasonable value of the benefits, exclusive of attorneys' fees and costs, is approximately $1,347,323.00 million. This estimate is based on data provided by Great American. For the purposes of the preliminary and final approval of the settlement, Great American does not contest this valuation based on the data it provided

3.      Great American further agrees to pay the Administrator's reasonable expenses actually incurred in administering the Settlement in accordance with the terms of this Agreement.

4.      Class Counsel will petition for approval of the Class Counsel Payment as set forth in Section III, above. The amount of the Class Counsel Payment shall be determined at the Fairness Hearing. The Class Counsel Payment will not reduce any other benefit provided to the Class or Plaintiff.

5.      If Great American does not exercise any right it may have to terminate the Agreement pursuant to Section XII, Great American will pay the Class Counsel Payment to Evans Law Firm, Inc. by wire transfer or check within 10 days of the Effective Date.

6.      Great American will pay the Administrator directly for reasonable Administrator expenses actually incurred by wire transfer or check sent within 60 days of receipt of appropriate invoicing and documentation from the Administrator. If Great American disputes the amount of any invoice, it will give notice of such dispute to the Administrator within 30 days after its receipt of the invoice, and the notice will include a statement of the reason(s) for the disagreement. Neither Plaintiff nor Class Counsel will bear any responsibility for the Administrator's expenses.

7.      Great American is not responsible for the fees of those attorneys hired by individual Class Members in connection with the review of or objection to the Settlement Agreement.

8.      Great American shall not be liable for, or obliged to pay any fees, expenses, costs, or other disbursements to, or incur any expense on behalf of, any Plaintiff, Class Member, or other person or entity, either directly or indirectly, in connection with the

Action, this Agreement, or the proposed Settlement, other than the amounts expressly provided for in this Agreement.

## X. PRELIMINARY APPROVAL AND RELATED ORDERS

A. The Parties shall submit this Agreement, including all attached exhibits, to the Court and seek and obtain from the Court a Preliminary Approval Order in substantially the same form as Exhibit C to this Agreement. The Preliminary Approval Order shall, among other things:

1. preliminarily approve the proposed Settlement and find that the proposed Settlement is sufficient to warrant sending notice to the Class;

2. schedule the Fairness Hearing based on the Court's availability, but not less than 105 days after entry of the Preliminary Approval Order, to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court;

3. approve the proposed Class Notice and the plan for giving notice;

4. direct the Administrator to mail the Class Notice to each Class Member by first-class mail, postage prepaid, to his or her last known address no later than 21 days after entry of the Preliminary Approval Order, as described in this Agreement;

5. determine that mailing the Class Notice to the last known addresses of the Class Members: (a) constitutes the best practicable notice under the circumstances; (b) is reasonably calculated to apprise Class Members of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlement; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments;

32

6.     require the Administrator to file proof of the mailing of the Class Notices at or before the Fairness Hearing;

7.     prohibit Great American from communicating with Class Members about the Action or the Settlement, but not preclude Great American from: (a) speaking to Class Members in the ordinary course of Great American's business, provided that if Class Members contact Great American regarding the Action or the Settlement, Great American shall direct such Class Members to contact the Administrator or Class Counsel; or (b) communicating with agents and employees of Great American and from communicating with its auditors, rating agencies, insurance commissioners, regulators, or similar reporting organizations or governmental entities regarding the impact and/or administration of the Settlement;

8.     require each Class Member who wishes to exclude himself or herself from the Class to submit an appropriate, timely written request for exclusion, postmarked no later than 45 days after mailing of the Class Notice to the Administrator, in care of the address provided in the Class Notice;

9.     preliminarily bar and enjoin each and every Class Member who has not excluded himself or herself from the Settlement, the Class Member's representatives, and/or all persons in active concert or participation with such Class Members from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, as class members or otherwise, any action, including without limitation a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction), in any federal court, any state court, or any other tribunal or forum of any kind, and from receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, arising out of, based on, or

33

relating to the claims, causes of actions, facts, and/or circumstances alleged in the Action and/or the Released Claims;

        10.     rule that any Class Member who does not submit a timely written request for exclusion from the Class shall be bound by all proceedings, orders, and judgments in the Action, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings against Great American relating to Annuities issued during the Class Period;

        11.     require each Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or the proposed Settlement, or to the award of attorneys' fees and expenses, to file with the Court, no later than 45 days after mailing of the Class Notice, or at such other time as the Court may direct, a notice of objection setting forth the information outlined in Section VII.B, above, or be forever barred from separately objecting;

        12.     require any Class Member who files a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to file with the Court no later than 45 days after mailing of the Class Notice, or as the Court otherwise may direct, a notice of intention to appear at the Fairness Hearing;

        13.     authorize Great American and Class Counsel: (a) to establish the means necessary to administer the proposed Settlement, in accordance with the terms of this Agreement; (b) to retain the Administrator to help administer the proposed Settlement, including the notice provisions;

        14.     to appoint an Administrator to implement the terms of this Agreement;

15.     to direct the Administrator to rent one or more post-office boxes to be used for receiving requests for exclusion from the Class and any other communications, and providing that no one other than the Court or the Clerk of the Court and the Administrator shall have access to these post-office boxes; and

16.     to direct Great American's Counsel and Class Counsel promptly to furnish each other with copies of any and all written requests for exclusion that might come into their possession that are not otherwise provided by the Administrator.

## XI.     FINAL APPROVAL AND FINAL ORDER AND JUDGMENT

A.     After the Fairness Hearing, and upon the Court's approval of this Agreement, the Parties shall seek and obtain from the Court a Final Order and Judgment in substantially the same form attached as Exhibit D to this Agreement. The Final Order and Judgment shall, among other things:

1.     find that the Court has personal jurisdiction over all Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Action to approve this Agreement and all exhibits hereto, and that venue is proper;

2.     finally approve this Agreement and the proposed Settlement as fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Class; direct the Parties and their counsel to implement and consummate this Agreement according to its terms and provisions; and declare this Agreement to be binding on, and have *res judicata* and preclusive effect, in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Class Members, as well as their heirs, executors, personal representatives, conservators and administrators, predecessors, successors, and assigns, that allege Released Claims, as defined in this Agreement;

35

3. find that the Class Notice and all other instruments provided to Class Members pursuant to this Agreement: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure and the United States Constitution and its Amendments, including the Due Process Clause;

4. find that Class Counsel and the Plaintiff adequately represented the Class for purposes of entering into and implementing the Settlement;

5. dismiss the Action (including all individual claims and Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party, except as provided in this Agreement;

6. declare that the judgment is binding upon all Class Members and upon Great American and extinguishes all claims of Class Members that (a) were alleged, or that could be alleged, based upon, or arise from, the matters which were alleged in the Action or (b) were released pursuant to this Agreement;

7. incorporate the Release set forth above in Section VIII, make the Release effective as of the date of the Final Order and Judgment, and forever discharge the Releasees from any claims or liabilities arising from or related to the Released Claims;

8. permanently bar and enjoin each and every Class Member who has not been excluded from the Settlement, the Class Member's representatives, and/or all persons in active concert or participation with such Class Members from filing, commencing, prosecuting,

maintaining, intervening in, participating in, conducting, or continuing, as class members or otherwise, any action, including without limitation a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) in any federal court, any state court, or any other tribunal or forum of any kind, and from receiving any benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction arising out of, based on, or relating to the claims, causes of actions, facts, and/or circumstances alleged in the Action and/or the Released Claims;

    9.  authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Agreement and all exhibits attached hereto that are consistent with the Final Order and Judgment and do not limit the rights of Class Members under the Agreement;

    10.  without affecting the finality of the Final Order and Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Agreement and the Final Order and Judgment, and for any other necessary purpose; *provided, however,* that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Section XI.A.9 above; and

    11.  order that any work product retained by Plaintiff or Class Counsel that is based on or incorporates information provided by Great American that has been designated as Confidential pursuant to the terms of the Protective Order entered on May 16, 2016 [Dkt. 18], in this case remain Confidential and restrict the disclosure or use of such materials as set forth in the Protective Order except as to any document that was filed with the court and not under seal.

## XII. MODIFICATION OR TERMINATION OF THIS AGREEMENT

  A.  This Agreement may be terminated at the discretion of either Great American or Plaintiff, through Class Counsel, if the Court, or any appellate court, rejects, modifies, or denies

approval of any portion of this Agreement or the proposed Settlement that the terminating party reasonably determines is material. The terminating Party must exercise the option to withdraw from and terminate this Agreement, as provided in this Section, in writing sent by first-class mail to the other Party, no later than 20 days after receiving notice of the event prompting the termination.

B.  Plaintiff and her Counsel reserve all rights on appeal in relation to any award of costs and fees in the event the Court does not award the amount of costs and fees requested by the Plaintiff, and the award is less than the Class Counsel Payment. Great American, however, may elect to terminate this Agreement if the aggregate amount of attorneys' fees and costs awarded exceeds $370,513.69 in fees and $20,000 in costs, or if the amount of the service award to the Class Representative exceeds $20,000.

C.  Great American may unilaterally terminate this Agreement if any regulator or government entity requires any modification to the Agreement, including, without limitation, a constriction or expansion of the scope of the stated benefits that Great American reasonably deems to be material.

D.  Great American may unilaterally terminate this Agreement if the "Opt-Out Percentage" is greater than 2%. The "Opt-Out Percentage" shall be computed based on data as of the last date for filing of a list reflecting all requests for exclusion pursuant to Section VI.C, and shall equal (a) the sum of (i) the Account Value of all active Annuities held by Owners who have excluded themselves from the Class, (ii) the Account Value of all Annuities that have been fully surrendered by Owners who have excluded themselves from the Class, which shall be determined using the Account Value of such Annuities as of the date of full surrender for each such Annuity, and (iii) the Account Value of all Annuities that have been Annuitized by Owners who have

excluded themselves from the Class, which shall be determined using the Account Value of such Annuities as of the date of Annuitization for each such Annuity, divided by (b) the aggregate Account Value of all Active Annuities. All amounts used in the calculation shall be compiled from Great American's business records of transactions entered into its policy administration system, as of the close of business on the last date for filing of a list reflecting all requests for exclusion pursuant to Section VI.C, or the first practicable day thereafter. If Great American elects to exercise this right, it shall do so by giving written notice to Class Counsel before the Fairness Hearing.

E.    Great American may effect termination of the Settlement Agreement under Section XII.B., XII.C. or XII.D. by giving written notice to Class Counsel.

F.    If this Agreement is terminated, it shall be void, no Party shall be bound by any of its terms (except for the terms of this paragraph and Sections XIII.C, XIII.G, XIII.M, XIII.N, and as applied to these paragraphs, Sections XIII.O and XIII.P of this Agreement), and it shall not be admissible in any further proceedings.

G.    If this Agreement is terminated, Great American expressly and affirmatively reserves all defenses, arguments and motions as to all claims that might have been or might later be asserted in this Action, including, without limitation, any applicable Statute of Limitations and the argument that the Action may not be litigated as a class action.

## XIII.  GENERAL MATTERS AND RESERVATIONS

### A.    Integration and Drafting

The Parties agree that this Agreement is clear and unambiguous, that it was drafted and negotiated by counsel for the Parties at arm's length, that it sets forth the entire Settlement Agreement among the Parties, that no other agreements not expressed or referred to in this Agreement exist, and that no parol or other evidence may be offered to explain, construe,

contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Agreement was made or executed.

### B. Amendment, Court Approval, Extensions

This Agreement may not be amended without the written consent of all parties and approval of the Court; provided, however, that after entry of the Final Order and Judgment, the Parties may by agreement modify this Settlement Agreement and its implementing documents (including all exhibits) without notice to or approval by the Court if the changes are consistent in all material respects with the Court's Final Order and Judgment and do not materially abridge the rights of Class Members. The Parties also may agree to reasonable extensions of time that are necessary to carry out any provisions of this Settlement Agreement, provided that any extension of more than 45 days must be approved by the Court.

### C. Construction

For the purpose of construing this Agreement, the Parties agree that it shall be deemed to have been drafted equally by all Parties and shall not be construed strictly for or against any of the Parties.

### D. Integration of Exhibits

The exhibits hereto are incorporated by reference as if set forth herein verbatim and are an integral part of this Agreement.

### E. Waiver

The waiver by any Party of any breach of this Agreement shall not be construed as a waiver of any other breach.

### F. Counterparts

This Agreement may be executed in counterparts, each of which when executed and delivered shall be considered an original. Executed signature pages shall be valid and

enforceable whether they are originals or copies, and whether they are transmitted by facsimile, e-mail or any other means.

### G. No Evidence, No Admission

1.        In no event shall this Agreement, any of its provisions, any papers or information of any kind submitted or provided by or on behalf of any party in connection with this Agreement, or any discussions, negotiations, statements, or proceedings relating to this Agreement, be offered as, received as, used as, or deemed to be evidence, or referred to, cited, presented or otherwise used for any purpose in the Action, any other action, or in any other proceeding, except in a proceeding to enforce this Agreement, and the absence of any objection by Great American to the certification of the Class for purposes of the Settlement shall not waive any position or argument that Great American may assert in opposing class certification in the Action or any other action or proceeding.

2.        Without limiting the foregoing, neither this Agreement nor any related negotiations, statements, or proceedings shall be offered as, received as, used as, or deemed to be evidence or an admission or concession by any person of any matter, including but not limited to any liability or wrongdoing on the part of Great American or any of the Releasees or as evidence of the appropriateness of certification of any class. Great American expressly denies any and all wrongdoing alleged in the Action, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action. Great American's entry into this Agreement is without prejudice in any way to its positions on any substantive, procedural or other issues in the Action, any other action, or in any other proceeding.

### H. Tax Consequences

1.        No opinion concerning the tax consequences of the proposed Settlement to

Class Members or anyone else is given or will be given by Great American, Great American's Counsel, Plaintiff, or Class Counsel, nor are any representations in this regard made by virtue of this Agreement.

2.     Each Class Member's or other person's tax obligations, if any, and the determination of those obligations, are the sole responsibility of the Class Member or other person. Great American shall act as it determines is required by the Internal Revenue Code and the regulations promulgated thereunder in reporting any Settlement benefit provided pursuant to this Agreement.

3.     Neither Great American nor the Administrator shall make any payment hereunder if Great American has determined in good faith that a tax withholding certificate or other document is required by any law or regulation to be provided by the payee prior to making such payment and the document has not been provided. In the event a withholding certification or other document is required by law or regulation to be provided by the payee, the Administrator or Great American shall notify the payee within 30 days prior to the issuance of any payment to be made under this Agreement of the documents needed and notify the payee that completed copies of these documents must be received by the Administrator or Great American prior to issuance of any payment under this Agreement.

**I.     Notice**

1.     Whenever this Agreement requires or contemplates that one party shall or may give notice to the other, notice shall be provided by U.S. mail or overnight delivery service, as follows:

        If to Great American, then to:

        Robert D. Phillips, Jr.
        Alston & Bird LLP
        560 Mission Street, Suite 2100

San Francisco, CA 94105

If to Plaintiff, then to:

Ingrid M. Evans
Evans Law Firm, Inc.
3053 Fillmore Street #236
San Francisco, CA 94123

2. Should any of these addresses change, the person changing his or her address shall promptly advise the Court, the Administrator and the other Parties, in writing.

## J. No Effect on Contract or Duty

1. Except as expressly provided by this Agreement, neither this Agreement nor any of the benefits to be provided under this Agreement shall be interpreted to alter in any way the terms of any Class Member's Annuity and this Agreement shall not constitute a novation of any Class Member's Annuity.

2. This Agreement does not, and shall not be deemed to, create any fiduciary or similar relationship between Great American and any of its current, past, or prospective policyholders or Annuity owners. This Agreement does not impose, and shall not be deemed to impose, any fiduciary or other similar duty on Great American, and Great American expressly disclaims any fiduciary or other similar duties. The duties and obligations assumed by Great American are limited to those expressly set forth in this Agreement.

## K. Time Computation

1. All time periods set forth herein shall be computed in calendar days, unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Agreement or by order of the Court, the day of the act, event, or default from which the designated period begins to run shall not be included.

2. Each other day of the period to be computed shall be included, including the last day thereof, unless such last day is a Saturday, Sunday, or legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the Clerk of Court inaccessible, in which event the last day of the period shall be the next day that is not one of the aforementioned days.

3. As used in this Section, "legal holiday" includes: New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by Local Rules or Orders of the Court.

4. The Parties reserve the right to agree between themselves on any reasonable extensions of time that might be necessary to carry out the provisions of this Agreement, subject to Section XIII.B, above.

## L. Cooperation in Effecting Settlement

The Parties, their successors and assigns, and their attorneys, undertake to implement the terms of this Agreement in good faith, to use good faith in interpreting this Agreement and resolving any disputes that may arise in the implementation of this Agreement, to cooperate with one another in seeking Court approval of this Agreement, and to use their best efforts to effect the prompt consummation of this Agreement. However, Great American shall not be required to file any briefs or other documents with the Court in support of the motions for Preliminary Approval, Final Approval, Class Counsel Payment, or Service Awards, nor make any oral or other arguments in support thereof.

## M. Confidentiality

1. All information and documentation provided to Class Counsel and the Administrator by Great American or the Class Members in connection with the Settlement is

44

confidential, and cannot be provided to third parties or used for any other purpose than effectuating the terms of this Agreement. All such information and documentation shall be returned to Great American or destroyed within 365 days after the mailing of the first Partial Surrender Charge Refund Payment and after written notice by Great American.

2.      The Parties and their counsel agree to keep the existence and contents of this Agreement confidential until the motion requesting the Court's preliminary approval of this Agreement is filed; provided, however, that this paragraph shall not prevent the disclosure of such information prior to the filing of such motion to (1) regulators, rating agencies, independent accountants, advisors, financial analysts, agents, insurers or reinsurers, Plaintiff, experts, courts, co-counsel, and/or Administrator(s) as may reasonably be required to effectuate the terms and conditions of this Agreement or as otherwise required to comply with any applicable law or regulation, or (2) any person or entity to whom the Parties agree disclosure must be made to effectuate the terms of this Agreement. If disclosure of the existence and/or contents of this Agreement is made pursuant to the preceding sentence, to the extent the recipient of the disclosure is not already subject to an obligation of confidentiality to the disclosing Party, such Party will make reasonable efforts to secure the recipient's undertaking to maintain the existence and contents of this Agreement strictly confidential and to use such information only for the purpose for which the disclosure is made. Nothing contained herein shall restrict Great American's ability to disseminate information regarding this Agreement and the Settlement internally as needed to analyze and implement the Settlement.

3.      The Parties and their counsel agree that their discussions and the information exchanged in the course of negotiating this Settlement is confidential other than information exchanged in discovery that was not designated Confidential, and was made

available on the condition that neither the Parties nor their counsel may disclose it to third parties (other than experts or consultants retained by the Parties in connection with this case), that it not be the subject of public comment, and that it not be publicly disclosed or used by the Parties or their counsel in any way in the Action should it not settle, or in any other proceeding.

4.    On or before the expiration of four months after the Effective Date, and after written notice to Class Counsel by Great American's Counsel, Class Counsel shall return all documents or information produced to Plaintiff or Class Counsel by Great American in connection with any of the litigation identified in Section I that was marked Confidential subject to the Protective Order. To the extent Plaintiff or Class Counsel retain any work product that is based on or incorporates information designated as Confidential pursuant to the terms of the Protective Order previously entered in this case and provided by Great American, Plaintiff and Class Counsel shall maintain such work product as Confidential, and the disclosure or use of such materials shall be subject to the same restrictions set forth in the Protective Order previously entered in this case.

## N.    Media Communications

The Parties agree to cooperate in good faith to ensure that any comments about or descriptions of the Settlement of the dispute forming the basis of this Agreement in the media or in any other public forum made prior to the Effective Date are balanced, fair, and accurate, and the Parties will attempt in good faith to agree on descriptions of the Settlement to be communicated in any statements made prior to the Effective Date, whether joint or unilateral, including without limitation any website or other internet postings. Joint or unilateral press releases referring or otherwise related to the Settlement prior to the Effective Date shall be provided to Plaintiff's Counsel and Great American's Counsel prior to the dissemination or

publication so as to allow for a reasonable period of time for review prior to any dissemination or publication. Any such unilateral statements, communications, or press releases proposed by any Party prior to the Effective Date must be reviewed and approved by the other Party before dissemination or publication. If a Party disseminates or publishes a unilateral statement or press release prior to the Effective Date before obtaining approval from the other Party, such dissemination or publication shall constitute a breach of this Agreement.

### O. Governing Law

This Settlement Agreement shall be governed by, and interpreted according to, the law of the State of California, excluding its conflict of laws provisions.

### P. Parties Bound

This Agreement shall be binding upon and inure to the benefit of Plaintiff, Class Members, Class Counsel, Great American and its affiliates, and the respective heirs, predecessors, successors and assigns of each of the foregoing.

### Q. Authority to Execute Agreement

Each Party or person executing this Agreement in a representative capacity on behalf of a corporate entity hereby represents that he or she is duly authorized by such entity to execute this Agreement on its behalf, and to bind it to the terms and conditions hereof.

### R. Execution Date

This Agreement shall be deemed executed upon the last date of execution by all the undersigned.

IN WITNESS WHEREOF, this Agreement has been executed by the undersigned as of the day and year set forth:

**CLASS REPRESENTATIVE**

DATED: September   , 2017

_____
Joyce Goertzen

**DEFENDANT**

Great American Life Insurance Company

DATED: September 28, 2017     By: _____
John Gruber
Senior Vice President

**APPROVED AS TO FORM:**

DATED: September 28, 2017

ALSTON & BIRD LLP

By: _____
Robert D. Phillips, Jr.
Attorneys for Defendant Great American Life
Insurance Company

DATED: September __, 2017     EVANS LAW FIRM, INC.

By_____
Ingrid M. Evans
Attorneys for Class Plaintiff

48

**CLASS REPRESENTATIVE**

DATED: September ___ , 2017

_____
Joyce Goertzen

**DEFENDANT**

Great American Life Insurance Company

DATED: September ___ , 2017

By: _____
John Gruber
Senior Vice President

**APPROVED AS TO FORM:**

DATED: September ___, 2017

ALSTON & BIRD LLP

By: _____
Robert D. Phillips, Jr.
Attorneys for Defendant Great American Life
Insurance Company

DATED: September ___, 2017

EVANS LAW FIRM, INC.

By _____
Ingrid M. Evans
Attorneys for Class Plaintiff

**CLASS REPRESENTATIVE**

DATED: September 27, 2017

_[signature]_
Joyce Goertzen

**DEFENDANT**

Great American Life Insurance Company

DATED: September   , 2017      By: _____

John Gruber
Senior Vice President

**APPROVED AS TO FORM:**

DATED: September ___, 2017

ALSTON & BIRD LLP

By:_____

Robert D. Phillips, Jr.
Attorneys for Defendant Great American Life
Insurance Company

DATED: September ___, 2017      EVANS LAW FIRM, INC.

By_____

Ingrid M. Evans
Attorneys for Class Plaintiff

48

# EXHIBIT  A

TO THE SETTLEMENT AGREEMENT

## <u>United States District Court for the Northern District of California</u>

## NOTICE OF CLASS ACTION SETTLEMENT

*Goertzen v. Great American Life Insurance Co.*, Case No. 4:16-cv-00240 (YGR)

**THIS NOTICE IS DIRECTED TO:**

**THE OWNER OR LAST OWNER OF AN ASSURANCE PROTECT 6, ASSURANCE SELECT 7, SAFE OUTLOOK, OR SAFE RETURN DEFERRED ANNUITY PURCHASED IN CALIFORNIA FROM GREAT AMERICAN LIFE INSURANCE COMPANY BY A PERSON AGE 60 OR OLDER;**

**THE OWNER OR LAST OWNER OF AN ASSURANCE PROTECT 6, ASSURANCE SELECT 7, SAFE OUTLOOK, OR SAFE RETURN DEFERRED ANNUITY PURCHASED IN CALIFORNIA BY A TRUSTEE, CORPORATION, OR PARTNERSHIP IF AN ANNUITANT UNDER THE POLICY WAS AGE 60 OR OLDER. SUCH OWNERS MAY BE ENTITLED TO BENEFITS FROM THIS CLASS ACTION SETTLEMENT;**

**THE RECIPIENT OR RECIPIENTS OF A DEATH BENEFIT UNDER AN ASSURANCE PROTECT 6, ASSURANCE SELECT 7, SAFE OUTLOOK, OR SAFE RETURN DEFERRED ANNUITY PURCHASED IN CALIFORNIA FROM GREAT AMERICAN LIFE INSURANCE COMPANY BY A PERSON AGE 60 OR OLDER.**

*A federal district court authorized this Notice.*
*This is not junk mail, an advertisement, or a solicitation from a lawyer.*
*The Court has not decided in favor of either side in the litigation.*
*The parties have agreed to a Settlement, and this is Notice*
*to you of the Settlement and how you may be affected.*

- Under the Settlement, you may be entitled to receive Settlement benefits in the form of either Partial Surrender Charge Refund Payments or Enhanced Withdrawal Payments, as described in the response to Question 11 below. The Court must approve the Settlement before any benefits will be made available. A hearing has been set by the Court to determine whether the Settlement should be approved.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will remain a Class Member and will be eligible for one of the two types of benefits available under the Settlement depending on the status of your Annuity. |
| **FILE A CLAIM** | If you are eligible for and want to receive an Enhanced Withdrawal Payment, you will need to complete a claim form for each affected annuity and submit them to the Settlement Administrator by ▓▓▓▓▓▓. |
| **EXCLUDE YOURSELF** | If you choose to exclude yourself, you will not receive the benefits available under the Settlement. You must submit a timely written request |

| | to exclude yourself from the Settlement to the Administrator by ▓▓▓▓, 2017. |
|---|---|
| **OBJECT** | You may write to the Court about why you do not like the Settlement. Written objections must be filed with the Court no later than ___, 2017. Making an objection does not exclude you from the Settlement. If the Settlement is approved, you will be subject to the Settlement and will be bound by the Release, described in response to Question 13, which means you will give up any claim s you have with respect to your Annuity(s). |
| **GO TO THE HEARING** | If you timely object in writing to the Settlement as described in this Notice and timely file a notice of intent to appear at the Fairness Hearing with the Court by ▓▓▓▓2017, you will be entitled to speak in Court about the fairness of the Settlement during the Fairness Hearing set for ___, 2018. |
| **APPEAR THROUGH AN ATTORNEY** | If you desire, you may enter an appearance in this case through an attorney at your own expense, but you will still need to comply with the requirements for objecting to the Settlement and appearing at the Fairness Hearing. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- **This Notice is merely a summary of certain terms and provisions of the proposed Settlement.** For a complete description of the terms and provisions of the proposed Settlement, including certain exceptions, conditions, and limitations that may not be addressed herein, you should read the Settlement Agreement filed with the Court. You can obtain a copy of the Settlement Agreement at [▓▓▓▓] or by calling the Settlement Administrator at 1-866-▓▓▓▓▓. Capitalized terms in this Notice have the meanings assigned in the Settlement Agreement.

- The Court in charge of this case still has to decide whether to approve the Settlement. Please be patient. Updates as to the status of the Settlement will be available from time to time at [▓▓▓▓] or by calling 1-866-▓▓▓▓▓.

**BASIC INFORMATION**

**1. Why did I get this Notice package?**

You are listed in the records of Great American Life Insurance Company ("Great American") as being either the current or the last Owner of an Annuity that is included in the Settlement, or as the recipient of a death benefit from an Annuity that is included in the Settlement. The Court directed that the parties send you this Notice because you have a right to know about a proposed Settlement of a class action lawsuit and about your options before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals are resolved, Great American will provide the benefits as provided in the approved Settlement.

This package explains the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Goertzen v. Great American Life Insurance Company*, Case No. 4:16-cv-00240 (YGR). Joyce Goertzen, the person who sued and has been designated to represent all members of the Class in this matter, is called the "Plaintiff," and the company she sued, Great American, is the "Defendant."

## 2. What is this lawsuit about?

Plaintiff brought this lawsuit to assert claims on behalf of herself and other persons who were age 60 or older when they purchased certain deferred Annuities issued by Great American. Plaintiff alleged that Great American failed to comply with surrender charge disclosure requirements under California Insurance Code Section 10127.13. Plaintiff asserted causes of action for violation of the Unfair Competition Law (California Business & Professions Code Section 17200 *et seq.*), and for Financial Abuse of an Elder pursuant to California Welfare and Institutions Code section 15600 *et seq.*

Great American denies all of the allegations and any liability or injury to Plaintiff. Great American has asserted numerous legal and factual defenses to the Action. Great American contends, among other things, that its Annuity products are lawful and included the proper disclosures.

Great American contends that Plaintiff received adequate notice of any applicable surrender charges. Great American also contends that neither Plaintiff nor any other Class Member was injured or deceived by Great American's annuity contracts.

## 3. Why is this a class action?

In a class action, one or more people, called Class Representatives (in this case Plaintiff Joyce Goertzen), sue on behalf of people who have similar claims. All these people are Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Court Judge Yvonne Gonzalez Rogers is in charge of this case, and, in the context of the Settlement, she has certified it as a class action.

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiff or Great American. Instead, both sides have agreed to settle the Action. The Plaintiff and her attorney think the Settlement is in the best interest of the Class.

## WHO IS IN THE SETTLEMENT?

To see if you are included in this Settlement, you first have to determine if you are a Class Member.

## 5. How do I know if I am part of the Settlement?

The Settlement applies to the current or most recent Owner (or joint Owners) of an Annuity product identified in response to Question 6 below that was issued in California by Great American to a person who was 60 years old or older (or if the Owner is a trustee or non-natural

## United States District Court for the Northern District of California

### NOTICE OF CLASS ACTION SETTLEMENT

*Goertzen v. Great American Life Insurance Co.*, Case No. 4:16-cv-00240 (YGR)

**THIS NOTICE IS DIRECTED TO:**

**THE OWNER OR LAST OWNER OF AN ASSURANCE PROTECT 6, ASSURANCE SELECT 7, SAFE OUTLOOK, OR SAFE RETURN DEFERRED ANNUITY PURCHASED IN CALIFORNIA FROM GREAT AMERICAN LIFE INSURANCE COMPANY BY A PERSON AGE 60 OR OLDER;**

**THE OWNER OR LAST OWNER OF AN ASSURANCE PROTECT 6, ASSURANCE SELECT 7, SAFE OUTLOOK, OR SAFE RETURN DEFERRED ANNUITY PURCHASED IN CALIFORNIA BY A TRUSTEE, CORPORATION, OR PARTNERSHIP IF AN ANNUITANT UNDER THE POLICY WAS AGE 60 OR OLDER. SUCH OWNERS MAY BE ENTITLED TO BENEFITS FROM THIS CLASS ACTION SETTLEMENT;**

**THE RECIPIENT OR RECIPIENTS OF A DEATH BENEFIT UNDER AN ASSURANCE PROTECT 6, ASSURANCE SELECT 7, SAFE OUTLOOK, OR SAFE RETURN DEFERRED ANNUITY PURCHASED IN CALIFORNIA FROM GREAT AMERICAN LIFE INSURANCE COMPANY BY A PERSON AGE 60 OR OLDER.**

*A federal district court authorized this Notice.*
*This is not junk mail, an advertisement, or a solicitation from a lawyer.*
*The Court has not decided in favor of either side in the litigation.*
*The parties have agreed to a Settlement, and this is Notice*
*to you of the Settlement and how you may be affected.*

- Under the Settlement, you may be entitled to receive Settlement benefits in the form of either Partial Surrender Charge Refund Payments or Enhanced Withdrawal Payments, as described in the response to Question 11 below. The Court must approve the Settlement before any benefits will be made available. A hearing has been set by the Court to determine whether the Settlement should be approved.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you do nothing, you will remain a Class Member and will be eligible for one of the two types of benefits available under the Settlement depending on the status of your Annuity. |
| **FILE A CLAIM** | If you are eligible for and want to receive an Enhanced Withdrawal Payment, you will need to complete a claim form for each affected annuity and submit them to the Settlement Administrator by <u>February 28, 2018.</u> |
| **EXCLUDE YOURSELF** | If you choose to exclude yourself, you will not receive the benefits available under the Settlement. You must submit a timely written request |

| | to exclude yourself from the Settlement to the Administrator by January 4, 2018. |
|---|---|
| **OBJECT** | You may write to the Court about why you do not like the Settlement. Written objections must be filed with the Court no later than January 4, 2018. Making an objection does not exclude you from the Settlement. If the Settlement is approved, you will be subject to the Settlement and will be bound by the Release, described in response to Question 13, which means you will give up any claim s you have with respect to your Annuity(s). |
| **GO TO THE HEARING** | If you timely object in writing to the Settlement as described in this Notice and timely file a notice of intent to appear at the Fairness Hearing with the Court by January 4, 2018, you will be entitled to speak in Court about the fairness of the Settlement during the Fairness Hearing set for March 27, 2018. |
| **APPEAR THROUGH AN ATTORNEY** | If you desire, you may enter an appearance in this case through an attorney at your own expense, but you will still need to comply with the requirements for objecting to the Settlement and appearing at the Fairness Hearing. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- **This Notice is merely a summary of certain terms and provisions of the proposed Settlement.** For a complete description of the terms and provisions of the proposed Settlement, including certain exceptions, conditions, and limitations that may not be addressed herein, you should read the Settlement Agreement filed with the Court. You can obtain a copy of the Settlement Agreement at [website] or by calling the Settlement Administrator at 1-866-###-####. Capitalized terms in this Notice have the meanings assigned in the Settlement Agreement.

- The Court in charge of this case still has to decide whether to approve the Settlement. Please be patient. Updates as to the status of the Settlement will be available from time to time at [websbite] or by calling 1-866-###-####.

**BASIC INFORMATION**

| 1. | **Why did I get this Notice package?** |
|---|---|

You are listed in the records of Great American Life Insurance Company ("Great American") as being either the current or the last Owner of an Annuity that is included in the Settlement, or as the recipient of a death benefit from an Annuity that is included in the Settlement. The Court directed that the parties send you this Notice because you have a right to know about a proposed Settlement of a class action lawsuit and about your options before the Court decides whether to approve the Settlement. If the Court approves it and after objections and appeals are resolved, Great American will provide the benefits as provided in the approved Settlement.

This package explains the litigation, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *Goertzen v. Great American Life Insurance Company*, Case No. 4:16-cv-00240 (YGR). Joyce Goertzen, the person who sued and has been designated to represent all members of the Class in this matter, is called the "Plaintiff," and the company she sued, Great American, is the "Defendant."

| 2. | **What is this lawsuit about?** |
|---|---|

Plaintiff brought this lawsuit to assert claims on behalf of herself and other persons who were age 60 or older when they purchased certain deferred Annuities issued by Great American. Plaintiff alleged that Great American failed to comply with surrender charge disclosure requirements under California Insurance Code Section 10127.13. Plaintiff asserted causes of action for violation of the Unfair Competition Law (California Business & Professions Code Section 17200 *et seq.*), and for Financial Abuse of an Elder pursuant to California Welfare and Institutions Code section 15600 *et seq.*

Great American denies all of the allegations and any liability or injury to Plaintiff. Great American has asserted numerous legal and factual defenses to the Action. Great American contends, among other things, that its Annuity products are lawful and included the proper disclosures.

Great American contends that Plaintiff received adequate notice of any applicable surrender charges. Great American also contends that neither Plaintiff nor any other Class Member was injured or deceived by Great American's annuity contracts.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more people, called Class Representatives (in this case Plaintiff Joyce Goertzen), sue on behalf of people who have similar claims. All these people are Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. United States District Court Judge Yvonne Gonzalez Rogers is in charge of this case, and, in the context of the Settlement, she has certified it as a class action.

| 4. | **Why is there a Settlement?** |
|---|---|

The Court did not decide in favor of Plaintiff or Great American. Instead, both sides have agreed to settle the Action. The Plaintiff and her attorney think the Settlement is in the best interest of the Class.

### WHO IS IN THE SETTLEMENT?

To see if you are included in this Settlement, you first have to determine if you are a Class Member.

| 5. | **How do I know if I am part of the Settlement?** |
|---|---|

The Settlement applies to the current or most recent Owner (or joint Owners) of an Annuity product identified in response to Question 6 below that was issued in California by Great American to a person who was 60 years old or older (or if the Owner is a trustee or non-natural person, the Annuitant was 60 years old or older), except individuals who are excluded from the Class, as described in the response to Question 7 below, and those who choose to be excluded from the Settlement as described in the response to Question 14. The age of the oldest of joint owners or older of joint Annuitants at the time of issue, as applicable, will be used to determine membership in the Class. If you have received this notice because you received a death benefit from an Annuity, the age of the Owner at the time of issue of that Annuity will be used to determine membership in the class.

### 6. Do I own an Annuity included in the Settlement?

The Annuities covered by the Settlement are fixed deferred annuities marketed under the name AssuranceProtect 6, AssuranceSelect 7, Safe Outlook, or Safe Return that were issued in California to at least one owner who was age 60 or older at the time of issue.

For annuities purchased by non-natural persons or a trustee(s) for a trust, the age of the Annuitant (or oldest Annuitant if there are joint Annuitants) at the time of issue will be used (instead of the owner's age) to determine whether the policy qualifies as an "Annuity" for this Settlement. If you are an addressee of this Notice, Great American's records show that you are the current or last Owner of one of these Annuities. If, however, you have a question about the application of this proposed Settlement to a particular Annuity, you may contact the Settlement Administrator. *See* Question 24.

### 7. Are there exceptions to being included?

Yes. The following Annuities are not included in the Settlement: (i) those that were issued but not accepted or were returned to Great American as part of the exercise of the free-look provision in the Annuity or were otherwise rescinded on or before the Valuation Date, (ii) those that were surrendered in full without incurring any Surrender Charge on or before the Valuation Date, and (iii) those as to which the rights and claims have been finally adjudicated in a court of law. In addition, Owners of Annuities that are otherwise included may elect to be excluded as described in the response to Question 14.

### 8. Are beneficiaries of deceased contract owners entitled to relief?

Designated beneficiaries of Annuities which terminated by death of an Owner or Annuitant prior to the Valuation Date, and which incurred a Surrender Charge on a partial or full surrender of the Annuity prior to the Valuation Date, are entitled to relief in the form of a Partial Surrender Charge Refund. In the event that there are more than one designated beneficiaries, each beneficiary will receive an allocation of the Partial Surrender Charge Refund in proportion to the designation under the Annuity.

### 9. Does this Settlement cancel my Annuity?

No. No matter what you decide to do in response to this Settlement—exclude yourself, object, or do nothing—your Annuity will not be terminated by the Settlement and the future rights and benefits provided by your Annuity, if it is still in effect, will continue, although Claims with respect to the Annuities that relate to or arise out of facts, events, or transactions that have occurred or were in existence at any time prior to the entry of the Final Order and Judgment will be released.

| 10. | **I'm still not sure if I am included in the Class** |

If you are not sure whether you are included in the Settlement Class, call 1-866-###-####.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

| 11. | **What benefits does the Settlement provide to Class Members?** |

If the Settlement is approved by the Court and you are a member of the Class and do not exclude yourself from the Settlement, you may receive one of the Settlement benefits Great American will provide, all of which are described further in Sections A and B of this answer:

(1)     If your Annuity was issued to a purchaser aged 60 or older and there have been Surrender Charges incurred upon a partial or full surrender of your Annuity on or before September 1, 2017, you will receive a partial refund of the Surrender Charge according to the conditions and formulas set forth below in Section A.

(2)     If you have an Annuity that is Active (not previously Annuitized or surrendered) and there have not been any Surrender Charges incurred upon a partial surrender of your Annuity on or before September 1, 2017, you may be eligible for the Enhanced Withdrawal Benefit, which is a one-time withdrawal from the Active Annuity without the deduction of Surrender Charges, subject to certain conditions explained in Section B, below. **You have 100 days from the date this form was mailed to you to make this election or you will lose your rights.**

Please note that the Court and Counsel have not expressed any opinion regarding the taxability of any benefits received under the terms of the Settlement. Great American will not withhold taxes unless it is legally required to do so. Whether or not taxes are withheld, you will be liable for payment of all applicable federal and state income taxes on the taxable portion of the distribution. You may also be subject to penalties under the estimated tax rules if your withholding and estimated tax payments, if any, are not adequate. You should address any questions regarding taxes to your tax advisor.

## A.     Partial Surrender Charge Refund Payments

Any Class Member whose Annuity(s) has incurred a Surrender Charge on a partial or full surrender of the Annuity on or before September 1, 2017, will receive a Partial Surrender Charge Refund Payment. Class Members who have incurred Surrender Charges that exceed $5.00 will receive a Partial Surrender Charge Refund Payment in the amount of 35% of the total Surrender Charges incurred on each Annuity subject to this Settlement. Class Members who have incurred Surrender Charges that are $5.00 or less will receive a Partial Surrender Charge Refund Payment

in the amount of $5.00. The checks mailed to Class Members as Partial Surrender Charge Refund Payments will expire 100 days after the date of issuance.

## B.    Enhanced Withdrawal Benefit

Any Class Member whose Annuity has not been fully surrendered on or before September 1, 2017, and which has not incurred any Surrender Charges upon a partial surrender of that Annuity, will be eligible for an Enhanced Withdrawal Benefit. The Enhanced Withdrawal Benefit is the right to take a one-time withdrawal which will not be assessed a Surrender Charge. The withdrawal under the Enhanced Withdrawal Benefit includes the 10% Annual Withdrawal available under the terms of the Annuity. Class Members who submit valid claims for Enhanced Withdrawal Benefits will receive a 10% Annual Withdrawal as of the most recent Contract Anniversary (net of any prior withdrawals that year). The additional 10% (or prorated percentage) constitutes the relief offered by Enhanced Withdrawal Benefit and will be paid following the Effective Date of the Settlement Agreement.

In order to take advantage of this Benefit, you must complete and submit a Claim Form, which must be postmarked no later than February 28, 2018. You must submit a separate Claim Form for each Active Annuity eligible for this Benefit within 100 days from the date of the mailing of the Claim Form or you will not be eligible for this benefit.

Great American has agreed to incur up to, but no more than, $350,000 in Foregone Surrender Charges in connection with the Enhanced Withdrawal Benefits. The Claims Administrator will calculate the total amount of Foregone Surrender Charges that would apply if every Class Member approved for the Enhanced Withdrawal Benefit elects to take a one-time withdrawal in the amount of 10% of the Annuity's Account Value in excess of the 10% Annual Withdrawal. If so many Class Members return Claim Forms that the total amount of the Foregone Surrender Charges exceeds $350,000, the percentage of the Annual Withdrawal that can be taken in the form of an Enhanced Withdrawal shall be reduced to a percentage for which the total amount of Foregone Surrender Charges will be $350,000.

Certain riders to Great American Annuities may be subject to additional consequences from a withdrawal, including limitations on crediting to benefit values or proportional reductions in benefit values that may exceed the reduction in Account Value. Any conditions on withdrawals under any applicable riders will not be affected by this Settlement Agreement.

## 12.    When will I get my Settlement benefit?

The Court will hold a hearing, called the Fairness Hearing, on March 27, 2018, to decide whether to approve the Settlement. If the Court approves the Settlement after that, there may be appeals relating to the Settlement. It is always uncertain how these appeals will be resolved, and resolving them can take time, perhaps more than a year. The Effective Date will be set within 30 days after the Settlement has been approved by the District Court and any and all appeals have been resolved or, if no appeals are filed, 30 days after the deadline for filing appeals has expired. The Partial Surrender Charge Refund Payments will be mailed within 10 days after the Effective Date and the Enhanced Withdrawal payments will be mailed within 20 days after the Effective Date. Please be patient.

## 13. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means: (1) that you can't sue, continue to sue, or be part of any other lawsuit, arbitration or other legal proceeding against Great American relating in any way to the Annuities at issue in this litigation; and (2) that you release all claims for damages or other legal remedies – including any claims presently unknown to you – relating in any way to the Annuities at issue in this litigation, if they concern, relate to, or arise out of facts, events, or transactions that have occurred or are in existence at any time prior to the Final Order and Judgment. If you want to know more about this release of claims, you should review Section VIII of the Settlement Agreement which can be viewed on the [website] or requested from the Administrator as set forth in Question and Answer 24. Also, if you do not exclude yourself from the Settlement, all of the Court's orders will apply to you and legally bind you, even if you had objected to the proposed Settlement.

With respect to all Released Claims, Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (i) the provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor.**

and (ii) the provisions of any statute or principle of law of any state or federal jurisdiction that might otherwise be applicable, or similar, comparable or equivalent to Section 1542 of the California Civil Code.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be subject to the Settlement or you want to keep the right to sue or continue to sue Defendant on your own with respect to claims relating in any way to your Annuity, then you must take steps to get out of the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class.

## 14. How do I exclude myself from the Settlement?

If you do not want to be part of the Settlement Class, you may exclude yourself or "opt out." If you exclude yourself, you will not be entitled to any Settlement benefits described in this Notice, and you will not be bound by the Release. If you are eligible for the Enhanced Withdrawal Benefit and submit a request for exclusion, your Claim Form will not be approved and you will not be entitled to that benefit. To exclude yourself from the proposed Settlement, you must submit a written request. This written request must be signed by you and must include: your name, address, the contract number(s) of the Annuity or Annuities at issue, and a statement that you are requesting exclusion from the Settlement Class in *Goertzen v. Great American Life Insurance Company*, Case No. 4:16-cv-00240 (YGR). You must **mail** your signed request for exclusion in care of the Settlement Administrator at the following address:

**THE ENVELOPE CONTAINING YOUR SIGNED REQUEST FOR EXCLUSION
MUST BE POSTMARKED BY NO LATER THAN [DATE]**

You cannot exclude yourself on the phone or by e-mail. If your signed request for exclusion is not mailed with a postmark on or before [date], it will be ineffective and you will be part of the Settlement Class and bound by all orders and judgments entered in connection with the Settlement, including the Release and Waiver. If you are the Owner of more than one Annuity subject to the Settlement or the Recipient of a death benefit from more than one Annuity subject to the Settlement and you request exclusion, the exclusion shall be effective as to all such Annuities.

| **15.    If I don't exclude myself, can I sue Great American for the same thing later?** |
|---|

No. Unless you exclude yourself, you give up the right to sue Great American for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit about this Notice immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is [January 4, 2018].

### THE LAWYERS REPRESENTING YOU

| **16.    Do I have a lawyer in this case?** |
|---|

Yes. The Court appointed Evans Law Firm, Inc. The law firm is called Class Counsel, and the contact information for the lawyers is listed below. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.    How will the lawyers be paid?** |
|---|

Class Counsel will file with the Court their petition for approval of an award of attorneys' fees of up to $370,513.69 and costs of up to $20,000. The Court may award less than these amounts. Great American will separately pay the attorneys' fees and expenses, up to $370,513.69 and $20,000, respectively, that the Court awards. Great American has agreed not to oppose a request for attorneys' fees of up to $336,831.00 and expenses in the amount of $20,000. These payments will not affect the benefits available to Settlement Class Members. Class Counsel will file this fee petition 21 days after the Class Notice Package is mailed and prior to the Fairness Hearing.

| **18.    What payments will be made to the Class Representatives?** |
|---|

Class Counsel will ask the Court to award the Class Representative Joyce Goertzen a total of no more than $20,000 as a service award. Great American will separately pay the service award, up to $20,000, that the Court awards. Great American has agreed not to oppose a request for a service award up to $20,000 total. This payment will not affect the benefits available to Settlement Class Members. Class Counsel will file this request 24 days prior to the deadline for objections to the Settlement Agreement, to be heard at the Final Approval Hearing.

## 19. Who will pay the Settlement Administrator?

Great American will pay the costs and fees of the Settlement Administrator, which will not be deducted from the benefits available to Settlement Class Members.

OBJECTING To THE SETTLEMENT

## 20. How can I tell the Court I do not like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. The Court will consider your views in connection with the Fairness Hearing described below. To object, you must file your objection in writing, saying that you object to the proposed Settlement. You may not object if you excluded yourself from the Settlement.

If you wish to object to the proposed Settlement, you must file your written objection with the Court. All written objections and supporting papers must (a) clearly identify the case name and number (Goertzen v. Great American Life Insurance Company, Case Number 4:16-cv-00240 (YGR)), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before January 4, 2018. Any objection not filed or postmarked by January 4, 2018 shall forever be barred.

All objections must contain the following: (i) the objecting party's name, address, telephone number, and Annuity number(s); (ii) the factual basis and legal grounds for the objection; (iii) any evidence or other information the objecting party wishes to offer in support of the objection; and (iv) the signature of the individual who is objecting.

If the Class Member intends to appear and be heard at the Fairness Hearing, either in person or through counsel, the notice of objection must include: (i) a written notice of the Class Member's or the Class Member's counsel's intent to appear at the Fairness Hearing; (ii) a detailed statement of the Class Member's objections to any matter before the Court; (iii) the grounds or reasons why the Class Member wishes to appear and to be heard, either in person or through counsel; (iv) any documents and writings that the Class Member wishes the Court to consider; and (v) a statement of any prior class settlement objections made by such Class Member and any fee arrangements made with an attorney regarding any objections, including the objection to this Settlement.

## 21. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. If you object, you will remain in the Settlement Class and will be bound by the Settlement, even if the Court disagrees with you and approves the Settlement over your objection. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

| 22. | When and where will the Court decide whether to approve the Settlement? |

The Court will hold a Fairness Hearing at March 27, 208 at 2:00 p.m. in Courtroom 4, First Floor, located at 1301 Clay Street, Oakland, California, 94612. Class Members are advised to confirm the date of the hearing by checking the [website], by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who, prior to the hearing, have asked to speak at the hearing. The Court will also decide how much to pay Class Counsel and whether to approve the service awards to the Class Representatives. After the hearing, the Court will issue its decision on the matters addressed at the Fairness Hearing. We do not know when that decision will be made.

| 23. | Do I have to come to the Fairness Hearing? |

No. Class Counsel will answer questions that the Court may have. You are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not required that you or your lawyer attend.

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must do two things: First, you must object to the Settlement in accordance with the procedures described above in the response to Question 20. Second, you must file a Notice of Intention to Appear at the Fairness Hearing with the Court. If you are not represented by counsel, you may file by delivering the Notice to the Clerk of the Court of the Honorable Yvonne Gonzalez Rogers, Courtroom 1 – 4th Floor, 1301 Clay Street, Oakland, California, 94612. The Notice of Intention to Appear must be in writing and must contain the information specified in the response to Question 20 and must be filed and served on Parties' counsel no later than January 4, 2018. Be sure to include your name, address, telephone number, and your signature on your Notice of Intention to Appear. You cannot speak at the hearing if you do not follow these procedures or if you excluded yourself.

## GETTING MORE INFORMATION

| 24. | How do I get more information about the Settlement? |

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement or Class Counsel's petition for approval of fees and costs, once the petition is filed, by visiting the Settlement website at [website], by writing to the Goertzen v. Great American Life Ins. Co. Settlement Administrator, [address], or by calling 1-[number].

## IMPORTANT DATES

| 25. | What are the important dates and deadlines relating to the Settlement? |
|-----|------------------------------------------------------------------------|

| Deadline | Event |
|----------|-------|
| 1/5/18 | Class Counsel will file a petition for approval of an award of attorneys' fees and costs and request for service award for Class Representative |
| 1/4/18 | Last day to submit a request for exclusion from the proposed Settlement |
| 1/4/18 | Last day to file and serve Class Counsel and Great American's Counsel with objections to the proposed Settlement |
| 1/4/18 | Last day to file Notice of Intent to Appear |
| 2/28/18 | Last day for Class Members eligible for an Enhanced Withdrawal Benefit to submit a Claim Form |
| 3/27/18 | Fairness Hearing |

# EXHIBIT B

TO THE SETTLEMENT AGREEMENT

JOYCE GOERTZEN, an individual,
individually and on behalf of herself and all
similarly-situated persons, by and through her
power of attorney BEVERLY KRAUS,

Plaintiffs,

v.

GREAT AMERICAN LIFE INSURANCE
COMPANY, and DOES 1-50,

Defendants.

Case No. 4:16-cv-00240 (YGR)

## CLAIM FORM FOR ENHANCED WITHDRAWAL BENEFIT

### I. ENHANCED WITHDRAWAL BENEFIT

This Claim Form is for Class Members who want to apply for an Enhanced Withdrawal Benefit from their active Great American Life Insurance Company fixed deferred AssuranceProtect 6, AssuranceSelect 7, Safe Outlook, or Safe Return Annuity, which has not incurred any Surrender Charges. (An Active Annuity is one that has not been surrendered, converted to periodic payments, and for which no death benefit has become payable, unless the Annuity was continued by the surviving spouse.)

### 1. EXPLANATION OF BENEFIT

The Enhanced Withdrawal Benefit is the right to take a one-time withdrawal from an Active Annuity which will not be assessed a Surrender Charge. The Enhanced Withdrawal Benefit will be 10% of the Annuity's Account Value as of the most recent Contract Anniversary prior to the submission of the Claim Form, in addition to the 10% Annual Withdrawal available under the terms of the Annuity.

There will be a cap on the amount Great American will pay in Enhanced Withdrawal Benefits, in the amount of $350,000 in Foregone Surrender Charges. The percentage of the withdrawal available under the Enhanced Withdrawal Benefit may be reduced in accordance with the cap. The withdrawal under the Enhanced Withdrawal Benefit includes the 10% Annual Withdrawal available under the terms of the Annuity. Class Members who submit this Claim Form will receive the 10% Annual Withdrawal as of the most recent Contract Anniversary (net of any prior withdrawals that year) already permitted under the Annuity. The additional 10% (or prorated percentage) constitutes the relief offered by Enhanced Withdrawal Benefit and will be paid following the Effective Date of the Settlement Agreement.

This Form has been sent to you because Great American's records indicate that you have at least one Active Annuity which has not incurred any Surrender Charges and that was issued in California to at least one individual who was 60 years or older at the time of purchase. You must submit a separate Claim Form for each Active Annuity for which you are listed as an Owner for which you would like to apply for an Enhanced Withdrawal Benefit. If you do not submit a Claim Form and the Court approves the Settlement, your Active Annuities will not be eligible for any benefits under the terms of the settlement.

## 2. EFFECT ON RIDERS

If you have one or more riders associated with your Annuity, taking the Enhanced Withdrawal provided for by the Settlement may adversely affect your benefits under the rider(s). If you have questions concerning the effect the Withdrawal may have on your rider(s), please contact your agent.

## 3. TAX CONSEQUENCES

Great American will not withhold taxes on any Enhanced Withdrawal unless it is legally required to do so. Whether or not taxes are withheld, you will be liable for payment of all applicable federal and state income taxes on the taxable portion of the distribution. You may also be subject to penalties under the estimated tax rules if your withholding and estimated tax payments, if any, are not adequate. You should address any questions regarding taxes to your tax advisor.

DEADLINE FOR SUBMISSION: To participate in the Claims Review Process, this Claim Form must be properly completed and returned to the following address by U.S. mail bearing a postmark date of not later than **February 28, 2018**.

Class Action Information Center
[------------------ADDRESS--------------------]

A self-addressed envelope has been provided for your use in returning this Claim Form. Proper postage must be affixed.

If this Claim Form is not returned, is returned but postmarked after the deadline stated above, or is timely returned but does not comply with the instructions specified in this Claim Form, you will not be eligible for an Enhanced Withdrawal Benefit.

If you have any questions, please call the Class Action Information Center at 1-8XX-XXX-XXXX (The hearing impaired should email questions to  @ ).

2

## II.  OWNER AND ANNUITY IDENTIFICATION:

Owner Name(s) & Address(es):            Policy No. [to be pre-printed on form]

[to be pre-printed on form]

_____

_____

[If the address above is incorrect, provide correct address information here:]

## III.  INSTRUCTIONS

A. General Instructions

If you want an Enhanced Withdrawal, please answer the question at the bottom of this page.  Your response will be reviewed by the Settlement Administrator.  If you leave the question blank, the Administrator will assume that your answer to the question is "yes."  The Settlement Administrator will notify you once Claim processing is completed and the Settlement becomes final, if it is approved by the Court.

B. Instructions For Annuities Owned By Trusts

If the Annuity is owned by a revocable trust, the answers to all questions should be completed by the settlor (also called the trustor or grantor) for the trust, and "you" and "your" refers to the settlor.

If the Annuity is owned by an irrevocable trust, "you" and "your" refers to the person who purchased the Annuity.

C. Question to be Answered

**When you applied for your Annuity, were you aware that it would incur a Surrender Charge (also referred to as an Early Withdrawal Charge) on any withdrawal that exceeded 10% of the Annuity's Account Value?**

____ Yes   ____ No

## <u>REQUIRED SIGNATURES:</u>

One or more of the current Owners of the applicable Annuity must sign and date the statement below.

If more than one person or entity has an ownership interest in the Annuity, but only one Owner is executing this Claim Form, by signing the Claim Form, he or she is

3

representing that he or she is authorized to elect the form of relief with respect to the Annuity on behalf of all co-Owners.

--------------------------------

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

_____     _____
**Signature of Owner**                      **Signature of Co-Owner**

**Printed Name of Owner:**                **Printed Name of Co-Owner:**

_____     _____

**Date:** _____            **Date:** _____

*******************************

*******************************

**IT IS RECOMMENDED THAT YOU KEEP A COPY OF THE COMPLETED CLAIM FORM FOR YOUR RECORDS.**

# EXHIBIT C

TO THE SETTLEMENT AGREEMENT

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JOYCE GOERTZEN, an individual, individually and on behalf of herself all similarly-situated persons, by and through her power of attorney BEVERLY KRAUS,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN LIFE INSURANCE COMPANY, and DOES 1-50<br><br>Defendants. | Case No.: 4:16-cv-00240-YGR<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, DIRECTING ISSUANCE OF NOTICE TO THE CLASS, AND SETTING OF FAIRNESS HEARING**<br><br>Hon. Yvonne Gonzalez Rogers |

1    The motion of Plaintiff Joyce Goertzen, individually and on behalf of the class, as defined in

2    the Settlement Agreement, for preliminary approval of the proposed class action Settlement reached

3    with Defendant Great American Life Insurance Company ("Great American") came on for hearing

4    before this Court on October 31, 2017. Robert D. Phillips, Jr., appeared as attorney for Great

5    American, and Ingrid M. Evans appeared as attorney for Plaintiff. After considering the Settlement

6    Agreement, the moving papers, arguments of counsel, and all other matters presented to the Court,

7    the Court finds that:

8         1.    Plaintiff filed a Class Action Complaint in this Action on December 1, 2015, alleging

9    violations of California's Business and Professions Code §17200 and California's Elder Abuse

10   statute – Cal. Welfare & Institutions Code § 15600, *et seq*. The Complaint alleges that Great

11   American did not properly disclose the surrender charges on the face page of certain contracts issued

12   in California to persons aged 60 or older.

13        2.    Great American denies any and all wrongdoing alleged in the pleadings and

14   Plaintiff's other filings, and does not admit or concede any actual or potential fault, wrongdoing, or

15   liability in connection with any facts or claims that have been or could have been alleged against it in

16   the Action. Great American has asserted numerous legal and factual defenses to the Action. It

17   contends its annuity products are lawful and beneficial and that Plaintiff received adequate notice of

18   any applicable surrender charges. Great American contends that Plaintiff's allegations do not state a

19   cause of action and are not sustainable as a matter of law. In addition, Great American contends that

20   Plaintiff would be unable to prove the elements of the causes of action at trial, and that this would be

21   fatal to both her individual and class claims.

22        3.    The proposed Settlement resulted from an arm's-length mediation session before the

23   Honorable Ronald M. Sabraw (Ret.) and was concluded only after Plaintiff and Great American

24   conducted their own investigations and evaluation of the factual and legal issues raised by Plaintiff's

25   claims and Great American's defenses.

26        4.    Plaintiff and Class Counsel have agreed to settle the Action after considering such

27   factors as (a) the benefits to Plaintiff and the Class provided by the Settlement Agreement; (b) the

28   risks and uncertainty of litigation, and the difficulties and delays inherent in such litigation; and (c)

1   the desirability of consummating the Settlement Agreement in order to provide relief to Plaintiff and
2   the Class. Great American considers it desirable to settle and dismiss this Action because this
3   proposed Settlement will finally put Plaintiff's claims and the underlying matters to rest. Great
4   American is also entering into this Settlement Agreement to avoid the expense, burden,
5   inconvenience, and inherent risk of litigation and the concomitant disruption of its business
6   operations.

7       5.      The Parties have entered into a Settlement Agreement previously filed with this Court
8   and attached as Exhibit 1 to the declaration of Ingrid M. Evans.

9       6.      The Court has reviewed the Settlement Agreement and all the attachments thereto and
10  determined the proposed Settlement to be fair, reasonable, adequate, and within the range of possible
11  approval. The proposed Settlement does not improperly grant preferential treatment to the Plaintiff
12  or any segment of the Class. The proposed Settlement is sufficient to warrant sending notice to the
13  Class. The procedures for establishing and administering the benefits provided by the proposed
14  Settlement and for notice of the proposed Settlement, exclusion from the proposed Settlement, and
15  objections to the proposed Settlement are fair, reasonable, and in the best interests of the Class.

16      7.      Based on Plaintiff's motion, the Memorandum of Points and Authorities, the
17  Settlement Agreement, and all supporting exhibits and attachments, the Court preliminarily certifies
18  for settlement purposes the Class, as defined in Section II.13 of the Settlement Agreement, pursuant
19  to Rules 23(a) and 23(b)(3). The Court hereby finds for settlement purposes that:

20          (a)     the numerosity requirement of Rule 23(a)(1) is satisfied because the proposed
21  settlement Class, comprised of more than 4,000 class members, satisfies the requirement that a class
22  be sufficiently numerous such that joinder of all members is impracticable;

23          (b)     the commonality requirement of rule 23(a)(2) is satisfied because the Great
24  American products owned by the various Class Members all have the same language on their cover
25  pages;

26          (c)     the typicality requirement of Rule 23(a)(3) is satisfied because the Great
27  American product issued to Plaintiff was similar to those issued to the other members of the Class;

28          (d)     the adequacy requirement of rule 23(a)(4) is satisfied because (i) Class

1    Counsel is qualified and competent to prosecute the Action vigorously, (ii) Plaintiff's interests are

2    not antagonistic to the interests of the Class, and (iii) Class Counsel and Plaintiff have fairly and

3    adequately protected the interests of the Class; and

4                 (e)     in the context of settlement, common questions "'predominate over any

5    questions affecting only individual members'" and "class resolution [is] 'superior to other available

6    methods for the fair and efficient adjudication of the controversy.'" *Amchem Products, Inc. v.*

7    *Windsor*, 521 U.S. 591, 615 (1997).

8        8.     The Court has reviewed the notice provisions of Section V of the Settlement

9    Agreement and the form of Class Notice attached to the Settlement Agreement as Exhibit A. The

10    Court has determined that mailing the Class Notice to the last known addresses of the Class

11    Members:

12                 (a)     constitutes the best practicable notice under the circumstances;

13                 (b)     is reasonably calculated to apprise Class Members of the pendency of the

14    Action and of their right to object to or exclude themselves from the proposed Settlement;

15                 (c)     is reasonable and constitutes due, adequate, and sufficient notice to all

16    persons entitled to receive notice; and

17                 (d)     meets all applicable requirements of Rule 23 of the Federal Rules of

18    Civil Procedure, the United States Constitution, and its Amendments.

19       Accordingly, it is hereby ORDERED AND DECREED AS FOLLOWS:

20        1.     The Motion for Preliminary Approval is GRANTED. The Court preliminarily

21    approves the proposed Settlement. All defined terms in the foregoing findings and this Order shall

22    have the same meanings as in the Settlement Agreement.

23        2.     The Class, as defined in Section II.13 of the Settlement Agreement, is

24    preliminarily certified for settlement purposes only.

25        3.     The Court appoints Evans Law Firm, Inc. as Class Counsel.

26        4.     A hearing (the "Fairness Hearing") will be held on {a date that is not less than

27    125 days after this Order} on _____, 2018, at ___ [a.m./p.m.]. before the undersigned in

28    the United States District Court for the Northern District of California, Oakland Division, to

consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

5. The Court approves the proposed Class Notice attached to Settlement Agreement as Exhibit A and the plan for giving notice.

6. Great American and Class Counsel are authorized to:

   (a) establish the means necessary to administer the proposed Settlement, in accordance with the terms of the Settlement Agreement; and

   (b) retain an Administrator to help administer the proposed Settlement, including the notice provisions.

7. The Court appoints KCC as the Administrator to implement the terms of the Settlement Agreement.

8. The Administrator shall mail the Class Notice to each Class Member by first-class mail, postage prepaid, to his or her last known address no later than 14 days after entry of this Order, as described in the Settlement Agreement.

9. The Administrator shall file proof of the mailing of the Class Notice at or before the Fairness Hearing.

10. Class Counsel shall file its petition for approval of Class Counsel's fees, expenses, and class representative service awards prior to the Fairness Hearing.

11. The Court approves the Claim Form attached to the Settlement Agreement as Exhibit B. To be valid, any Claim Form must be submitted to the Settlement Administrator in the manner provided in the Claim Form no later than 100 days after the date the Class Notice Package is mailed to Class Members.

12. Great American is prohibited from communicating with Class Members about the Action or the Settlement, but Great American is not precluded from:

   (a) speaking to Class Members in the ordinary course of Great American's business, provided that if Class Members contact Great American regarding the Action or the Settlement, Great American shall direct such Class Members to contact the Administrator or Class Counsel; or

4

(b)     communicating with agents and employees of Great American or communicating with its auditors, rating agencies, insurance commissioners, regulators, or similar reporting organizations or governmental entities regarding the impact and/or administration of the Settlement.

13.     Each Class Member who wishes to exclude himself or herself from the Class must submit an appropriate, timely written request for exclusion, postmarked no later than 45 days after mailing of the Class Notice Package to the Administrator at the address provided in the Class Notice.

14.     Any Class Member who does not submit a timely, written request for exclusion from the Class shall be bound by all proceedings, orders, and judgments in the Action, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings against Great American relating to Annuities issued during the Class Period.

15.     Each Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the proposed Settlement, or to the award of attorneys' fees and expenses shall file with the Court, no later than 45 days after mailing of the Class Notice, a notice of objection setting forth the following information: (i) a notice of the Class Member's or the Class Member's counsel's (retained at the Class Member's own expense) intent to appear at the Fairness Hearing; (ii) a detailed statement of the Class Member's objections to any matter before the Court; (iii) the grounds or reasons why the Class Member wishes to appear and to be heard; (iv) any documents and writings that the Class Member wishes the Court to consider; and (v) a statement of any prior class settlement objections made and any fee arrangements made with an attorney regarding any objections, including the objection to this Settlement. Unless the notice of objection sets forth this information and is timely submitted, the Class Member is forever barred from separately objecting.

16.     The Administrator shall rent one or more post-office boxes to be used for receiving requests for exclusion from the Class and any other communications, and no one other than the Court or the Clerk of the Court and the Administrator shall have access to these post-office boxes.

1      17.    Upon receipt of any request for exclusion, the Administrator shall immediately

2  forward a copy of the exclusion request to Class Counsel and Great American's Counsel.

3      18.    Great American's Counsel and Class Counsel shall promptly furnish each other with

4  copies of any and all written requests for exclusion that might come into their possession that are not

5  otherwise provided by the Administrator.

6      19.    All proceedings in the Action are stayed until further order of the Court, except as

7  may be necessary to implement the proposed Settlement or to comply with the terms of the

8  Settlement Agreement. Further, pending the Court's final determination of whether the proposed

9  Settlement will be approved, each and every Class Member who has not excluded himself or herself

10  from the Settlement, the Class Member's representatives, and/or all persons in active concert or

11  participation with such Class Members are barred and enjoined from filing, commencing,

12  prosecuting, maintaining, intervening in, participating in, conducting, or continuing, as class

13  members or otherwise, any action, including without limitation a class action (including by seeking

14  to amend a pending complaint to include class allegations or by seeking class certification in a

15  pending action in any jurisdiction), in any federal court, any state court, or any other tribunal or

16  forum of any kind, and from receiving any benefits from any lawsuit, administrative or regulatory

17  proceeding or order in any jurisdiction, arising out of, based on, or relating to the claims, causes of

18  actions, facts, and/or circumstances alleged in the Action and/or the Released Claims.

19      20.    This Order shall become null and void, and shall be without prejudice to the rights of

20  the Parties, all of whom shall be restored to their respective positions existing immediately before

21  this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or

22  does not become final, pursuant to the terms of the Settlement Agreement; or (b) the Settlement is

23  terminated in accordance with the terms of the Settlement Agreement or does not become effective

24  as required by the terms of the Settlement Agreement for any other reason. In such event, the

25  Settlement and Settlement Agreement shall become null and void and be of no further force and

26  effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be

27  used or referred to for any purpose whatsoever.

28

21.     In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered as, received as, used as, or deemed to be evidence in the Action, any other action, or in any other proceeding, except in a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements, or proceedings shall be offered as, used as, or deemed to be evidence or an admission or concession by any person of any matter, including but not limited to any liability or wrongdoing on the part of Great American or as evidence of the appropriateness of certification of any class.

22.     The Court reserves the right to continue the Fairness Hearing without further written notice to the Class, but will notify counsel for the Parties and any objectors or their counsel who have timely filed a notice of intention to appear in these proceedings. Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand or change any deadlines contained in this Order or the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____

                                                                Hon. Yvonne Gonzalez Rogers
United States District Judge

# EXHIBIT  D

TO THE SETTLEMENT AGREEMENT

1
2
3
4
# UNITED STATES DISTRICT COURT

5
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

6
## OAKLAND DIVISION

7
8
9
JOYCE GOERTZEN, an individual, individually and on behalf of herself all similarly-situated persons, by and through her power of attorney BEVERLY KRAUS,

Plaintiff,

v.

GREAT AMERICAN LIFE INSURANCE COMPANY, and DOES 1-50

Defendants.

Case No.: 4:16-cv-00240-YGR

**[PROPOSED] FINAL ORDER APPROVING CLASS SETTLEMENT, AND FINAL JUDGMENT OF DISMISSAL WTH PREJUDICE**

Hon. Yvonne Gonzalez Rogers

1  The motion of Plaintiff Joyce Goertzen, individually and on behalf of the Class as defined in

2  the Settlement Agreement previously filed in this Action, for final approval of the class action

3  Settlement reached with Defendant Great American Life Insurance Company ("Great American")

4  came on for hearing before this Court on ___, 2018 {insert Fairness Hearing Date}. Robert D.

5  Phillips, Jr., appeared as attorney for Great American, and Ingrid M. Evans appeared as attorney for

6  Plaintiff. After considering the Settlement Agreement, the moving papers, arguments of counsel and

7  all other matters presented to the Court, it is hereby ORDERED, ADJUDGED, AND DECREED AS

8  FOLLOWS:

9       1.      The Motion for Final Approval of Class Action Settlement is hereby GRANTED.

10      2.      This Final Order Approving Class Action Settlement and Final Judgment of

11  Dismissal With Prejudice ("Final Order and Judgment") incorporates and makes part hereof: (a) the

12  Parties' Settlement Agreement, filed September 27, 2017, including Exhibits A through D

13  (collectively the "Settlement Agreement") and (b) the Court's findings and conclusions contained in

14  its Findings and Order Preliminarily Approving Class Settlement, Directing Issuance of Notice to the

15  Class, and Setting of Fairness Hearing ("Preliminary Approval Order"). All defined terms in this

16  Final Order and Judgment shall have the same meanings as in the Settlement Agreement.

17      3.      All preliminary findings and conclusions in the Court's Preliminary Approval Order

18  are hereby made final.

19      4.      The Court has personal jurisdiction over all Class Members. The Court has subject

20  matter jurisdiction over the claims asserted in this Action to approve the Settlement Agreement and

21  all exhibits attached thereto. Venue is proper. The Settlement Agreement and Settlement are fair,

22  reasonable and adequate, and consistent and in compliance with the applicable provisions of the

23  United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in

24  the best interests of, the Class. The Court also finds that the Settlement resulted from an arm's-length

25  mediation session and was concluded only after Plaintiff and Great American conducted their own

26  investigations and evaluations of the factual and legal issues raised by Plaintiff's claims, as well as

27  Great American's defenses. [[No objections have been made to the Settlement by any member of the

28

1

1 | Class.] or [The Court has considered and denied all objections filed in this Action]]. Accordingly,
2 | the Settlement Agreement is hereby finally approved.

3 |      5.    The Class, as defined in Section II.13 of the Settlement Agreement, is finally certified
4 | for settlement purposes.

5 |      6.    The Court hereby directs the Parties and their counsel to implement and consummate
6 | the Settlement Agreement according to its terms and provisions.

7 |      7.    Pursuant to the Court's Preliminary Approval Order, the notice requirement was
8 | satisfied in that the Administrator mailed the Class Notice to each Class Member, no later than 14
9 | days after entry of the Preliminary Approval Order, by first-class mail, postage prepaid, to his or her
10 | last known address and further steps were taken in accordance with the Settlement Agreement to
11 | obtain updated addresses when mail was returned as undelivered and to re-send the Class Notice.

12 |      Members of the Class had the opportunity to object to the Settlement or to exclude
13 | themselves from the Settlement, and they were informed of the date, time, and location of the
14 | Fairness Hearing and had the opportunity to appear at the Fairness Hearing. These procedures
15 | afforded protections to Class Members and provide the basis for the Court to make an informed
16 | decision on approval of the Settlement based on the responses of Class Members

17 |      8.    The Class Notice Package and all other instruments provided to Class Members:
18 |         (a)    constituted the best practicable notice under the circumstances;
19 |         (b)    constituted notice that was reasonably calculated to apprise Class Members of
20 | the pendency of the Action, their right to object to or exclude themselves from the proposed
21 | Settlement and to appear at the Fairness Hearing;
22 |         (c)    was reasonable and constituted due, adequate, and sufficient notice to all
23 | persons entitled to receive notice; and
24 |         (d)    met all applicable requirements of the Federal Rules of Civil Procedure, the
25 | United States Constitution, and its Amendments, including the Due Process Clause.

26 |      9.    Class Counsel and the Plaintiff adequately represented the Class for purposes of
27 | entering into and implementing the Settlement.

28 |      10.    The list of those persons who have requested exclusion from the Class in accordance

with the terms of the Settlement Agreement and the Preliminary Approval Order has been filed with the Court, is attached to this Order, and is hereby approved. Those persons are hereby excluded from the Class. The Court finds that it is a complete list of all Class Members who have timely requested exclusion from the Class, and accordingly, such Class Members shall neither share in nor be bound by this Final Order and Judgment or the Settlement Agreement.

11.     Class Counsel are hereby awarded attorneys' fees in the amount of $_____ {not to exceed $336,831.00} and expenses and costs in the amount of $ _____ {not to exceed $20,000} ("Class Counsel Payment"). These amounts cover any and all claims for attorneys' fees, expenses, and costs incurred by any and all Class Counsel in connection with the Settlement of the Action and the administration of such Settlement. Class Counsel Payment shall be provided by Great American to Class Counsel in accordance with Sections IX.B.5 through IX.B.8 of the Settlement Agreement upon satisfaction of the conditions set forth therein.

12.     As a service award for participation as the Class Representative in the Action, the Court awards $_____{not to exceed $20,000} to Plaintiff Joyce Goertzen. Great American shall pay the service award in addition to any benefits that Plaintiff is entitled to receive as a Class Member. Great American shall pay the service award within ten (10) days of the Effective Date.

13.     The Release set forth in the Settlement Agreement in Section VIII is incorporated herein and effective as of the date of this Final Order and Judgment, and forever discharges the Releasees from any claims or liabilities arising from or related to the Released Claims.

14.     Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, and for any other necessary purpose; provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 17, 18, and 20 of this Final Order and Judgment. The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement.

15.     The Settlement Agreement is binding on, and has res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and any

other Class Members, as well as their heirs, executors, personal representatives, conservators and administrators, predecessors, successors, and assigns that allege Released Claims, as defined in the Settlement Agreement.

16.     Neither this Final Order and Judgment, nor the Settlement Agreement, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment or the Settlement Agreement is, may be construed as, or may be used as an admission or concession by or against Great American of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Great American's denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment or the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by Great American or Releasees to support a defense of res judicata, collateral estoppel, release, waiver, good-faith Settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

17.     The Parties are authorized, without further approval from the Court, to agree to and adopt such non-substantive amendments, modifications, or expansions of the Settlement Agreement and all exhibits attached thereto that are consistent with this Final Order and Judgment, and do not limit the rights of Class Members under the Settlement Agreement. Any substantive amendments, modifications, or expansions of the Settlement Agreement and the exhibits attached thereto shall require prior approval by the Court.

18.     Any work product retained by Plaintiff or Class Counsel that is based on or incorporates information designated as Confidential pursuant to the terms of the Protective Order previously entered in this case and provided by Great American shall be deemed Confidential Information pursuant to the terms of the Protective Order, and the disclosure or use of such materials

4

shall be subject to the same restrictions as Confidential Information pursuant to the terms of the Protective Order previously entered in this case.

19.     This Action (and all individual claims and Class claims presented thereby) is dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement. The judgment is binding upon all Class Members and upon Great American and extinguishes all claims of Class Members (a) that were alleged, or that could be alleged, based upon, or arise from, the matters that were alleged in the Action or (b) that were released pursuant to the Settlement Agreement.

20.     Each and every Class Member who has not been excluded from the Settlement, the Class Member's representatives, and/or all persons in active concert or participation with such Class Members are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, as class members or otherwise, any action, including without limitation a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) in any federal court, any state court, or any other tribunal or forum of any kind, and from receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction, arising out of, based on, or relating to the claims, causes of actions, facts, and/or circumstances alleged in the Action and/or the Released Claims.

21.     Section 1715(b) of the Class Action Fairness Act of 2005 requires a settling defendant to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official" a specified group of documents describing the settlement. Pursuant to section 1715(d), final approval cannot be issued earlier than 90 days after notice is given under section 1715(b). Great American served the necessary documents upon the appropriate officials not later than _____, 2017. This order is signed more than 90 days after Great American served the documents. The Court therefore finds that Great American is in full compliance with the Class Action Fairness Act, 28 U.S.C. section 1715.

22.     There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon

entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

DATED: _____

Hon. Yvonne Gonzalez Rogers
United States District Judge

# EXHIBIT B

TO THE COURT'S ORDER

JOYCE GOERTZEN, an individual,
individually and on behalf of herself and all
similarly-situated persons, by and through her
power of attorney BEVERLY KRAUS,

Plaintiffs,
v.

GREAT AMERICAN LIFE INSURANCE
COMPANY, and DOES 1-50,

Defendants.

Case No. 4:16-cv-00240 (YGR)

## CLAIM FORM FOR ENHANCED WITHDRAWAL BENEFIT

### I. ENHANCED WITHDRAWAL BENEFIT

This Claim Form is for Class Members who want to apply for an Enhanced Withdrawal Benefit from their active Great American Life Insurance Company fixed deferred AssuranceProtect 6, AssuranceSelect 7, Safe Outlook, or Safe Return Annuity, which has not incurred any Surrender Charges. (An Active Annuity is one that has not been surrendered, converted to periodic payments, and for which no death benefit has become payable, unless the Annuity was continued by the surviving spouse.)

### 1. EXPLANATION OF BENEFIT

The Enhanced Withdrawal Benefit is the right to take a one-time withdrawal from an Active Annuity which will not be assessed a Surrender Charge. The Enhanced Withdrawal Benefit will be 10% of the Annuity's Account Value as of the most recent Contract Anniversary prior to the submission of the Claim Form, in addition to the 10% Annual Withdrawal available under the terms of the Annuity.

There will be a cap on the amount Great American will pay in Enhanced Withdrawal Benefits, in the amount of $350,000 in Foregone Surrender Charges. The percentage of the withdrawal available under the Enhanced Withdrawal Benefit may be reduced in accordance with the cap. The withdrawal under the Enhanced Withdrawal Benefit includes the 10% Annual Withdrawal available under the terms of the Annuity. Class Members who submit this Claim Form will receive the 10% Annual Withdrawal as of the most recent Contract Anniversary (net of any prior withdrawals that year) already permitted under the Annuity. The additional 10% (or prorated percentage) constitutes the relief offered by Enhanced Withdrawal Benefit and will be paid following the Effective Date of the Settlement Agreement.

1

This Form has been sent to you because Great American's records indicate that you have at least one Active Annuity which has not incurred any Surrender Charges and that was issued in California to at least one individual who was 60 years or older at the time of purchase. You must submit a separate Claim Form for each Active Annuity for which you are listed as an Owner for which you would like to apply for an Enhanced Withdrawal Benefit. If you do not submit a Claim Form and the Court approves the Settlement, your Active Annuities will not be eligible for any benefits under the terms of the settlement.

## 2. EFFECT ON RIDERS

If you have one or more riders associated with your Annuity, taking the Enhanced Withdrawal provided for by the Settlement may adversely affect your benefits under the rider(s). If you have questions concerning the effect the Withdrawal may have on your rider(s), please contact your agent.

## 3. TAX CONSEQUENCES

Great American will not withhold taxes on any Enhanced Withdrawal unless it is legally required to do so. Whether or not taxes are withheld, you will be liable for payment of all applicable federal and state income taxes on the taxable portion of the distribution. You may also be subject to penalties under the estimated tax rules if your withholding and estimated tax payments, if any, are not adequate. You should address any questions regarding taxes to your tax advisor.

DEADLINE FOR SUBMISSION: To participate in the Claims Review Process, this Claim Form must be properly completed and returned to the following address by U.S. mail bearing a postmark date of not later than **February 28, 2018**.

Class Action Information Center<br>
[------------------ADDRESS--------------------]

A self-addressed envelope has been provided for your use in returning this Claim Form. Proper postage must be affixed.

If this Claim Form is not returned, is returned but postmarked after the deadline stated above, or is timely returned but does not comply with the instructions specified in this Claim Form, you will not be eligible for an Enhanced Withdrawal Benefit.

If you have any questions, please call the Class Action Information Center at 1-8XX-XXX-XXXX (The hearing impaired should email questions to _____@_____).

## II.  OWNER AND ANNUITY IDENTIFICATION:

Owner Name(s) & Address(es):      Policy No. [to be pre-printed on form]

[to be pre-printed on form]

_____

_____

[If the address above is incorrect, provide correct address information here:]

## III.  INSTRUCTIONS

A.  General Instructions

If you want an Enhanced Withdrawal, please answer the question at the bottom of this page.  Your response will be reviewed by the Settlement Administrator.  If you leave the question blank, the Administrator will assume that your answer to the question is "yes."  The Settlement Administrator will notify you once Claim processing is completed and the Settlement becomes final, if it is approved by the Court.

B.  Instructions For Annuities Owned By Trusts

If the Annuity is owned by a revocable trust, the answers to all questions should be completed by the settlor (also called the trustor or grantor) for the trust, and "you" and "your" refers to the settlor.

If the Annuity is owned by an irrevocable trust, "you" and "your" refers to the person who purchased the Annuity.

C.  Question to be Answered

**When you applied for your Annuity, were you aware that it would incur a Surrender Charge (also referred to as an Early Withdrawal Charge) on any withdrawal that exceeded 10% of the Annuity's Account Value?**

     \_\_\_ Yes  \_\_\_ No

### REQUIRED SIGNATURES:

One or more of the current Owners of the applicable Annuity must sign and date the statement below.

If more than one person or entity has an ownership interest in the Annuity, but only one Owner is executing this Claim Form, by signing the Claim Form, he or she is

representing that he or she is authorized to elect the form of relief with respect to the Annuity on behalf of all co-Owners.

--------------------------------

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____          _____
**Signature of Owner**                    **Signature of Co-Owner**


**Printed Name of Owner:**                **Printed Name of Co-Owner:**

_____          _____
**Date:** _____         **Date:** _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS RECOMMENDED THAT YOU KEEP A COPY OF THE COMPLETED CLAIM FORM FOR YOUR RECORDS.**

EXHIBIT 2

Goertzen v. Great American Life Insurance Company opt-outs 3/9/2018

| FirstName | LastName | Name1 |
| --- | --- | --- |
| KATHLEEN | MCWHORTER | |
| SUSAN | STEWART | |
| MARGARET | HOVER | MARGARET K HOVER TRUST |
| RICHARD | ADAMS | |
| C | GEFFS | |
| DIANE | KUHNLY | |
| MURIEL | HOUSMAN | |
| LEIGH | BELLINGALL | |
| GREGORY | COFFEY | |
| WILLIAM | LOSEY | |
| RICHARD | APPEL | |
| KAREN | NEILSON | |
| CHARLES | LOCKE | |
| VINCENT | GARCIA | |
| SHIRLEY | HAYNES | |
| WILLIAM A. | CROWE | THE HELEN E CROWE IRREVOCABLE TRUST |
| LEIGH | BELLINGALL | |
| DAVID | NEILSON | |